**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MARCELINO ALBUERNE and RUBY JENKINS,** | |
| **Plaintiffs,** | |
| **v.** | **Case No. 5:24-CV-04043-JAR** |
| **RENT RECOVERY SOLUTIONS, LLC,** | |
| **Defendant.** | |

**MEMORANDUM AND ORDER**

This case is set for trial beginning August 10, 2026.  The only remaining claim in this case arises under the Fair Credit Reporting Act.  The Court has granted partial summary judgment to Plaintiffs on the issue of liability, leaving only the issue of damages for trial.  As such, preparing this case for trial should have been relatively straightforward.  However, it has not been.

The parties have filed three separate sets of proposed jury instructions.  Defendant first filed its own proposed instructions.[1]  Plaintiffs then filed a separate set of proposed instructions,[2] accompanied by a statement explaining the parties' inability to submit an agreed set.[3]

According to Plaintiffs' statement, Plaintiffs began seeking meaningful pretrial discussions nearly one month before the deadline for submitting proposed jury instructions, repeatedly attempted to confer regarding exhibits, witnesses, and jury instructions, and provided Defendant with their proposed instructions and verdict form before the parties' July 13

---

[1] Doc. 108.

[2] Doc. 112.

[3] Doc. 114.

conference.  Plaintiffs further represent that Defendant did not provide its proposed instructions in return, limited the conference to fifteen minutes, and declined to discuss either party's proposed instructions.  Plaintiffs contend that Defendant's refusal to exchange proposals or meaningfully confer prevented the parties from identifying agreed instructions and preparing the joint submission contemplated by the Trial Order.

Shortly thereafter, Plaintiffs filed Amended Proposed Jury Instructions,[4] representing that the parties had subsequently met and conferred and that the amended submission incorporated revisions resulting from those discussions.  However, the parties have now filed a flurry of objections to one another's proposals.  Defendant's objections address instructions contained in both Plaintiffs' original submission and Plaintiffs' amended submission.

The Trial Order directed the parties to submit proposed jury instructions and a verdict form in compliance with D. Kan. Rule 51.1.  D. Kan. Rule 51.1(a)(1) provides that the parties "must jointly submit one set of agreed instructions" and, "[t]o this end," must "serve their proposed instructions upon each other, then meet, confer, and submit one complete set of agreed instructions."[5]  If the parties cannot agree on a complete set, Rule 51.1(a)(2) requires them to submit "one set of those instructions that have been agreed," with each party separately submitting only the instructions that remain disputed.[6]  And Rule 51.1(a)(3) expressly cautions that "[i]t is not sufficient that the parties merely agree upon general instructions, and then each

---

[4] Doc. 116.

[5] D. Kan. Rule 51.1.(a)(1).

[6] D. Kan. Rule 51.1.(a)(2).

submit their own set of substantive instructions."[7]  Rather, "[t]he parties are expected to meet, confer, and agree upon the substantive instructions for the case, if possible."[8]

The record reflects no meaningful attempt to comply with either the Trial Order or D. Kan. Rule 51.1.  Instead, the parties filed competing sets of instructions, followed by amended instructions and overlapping objections, leaving the Court with a disorganized and unnecessarily complicated set of submissions to sort through.  This is not how parties are expected to litigate cases in the District of Kansas.  The Court expects counsel to meaningfully cooperate in preparing a case for trial and to narrow disputes before presenting them to the Court.  The Court will not expend its limited resources sorting through duplicative submissions and overlapping objections resulting from the parties' failure to meaningfully confer.

Accordingly, the Court strikes all three sets of proposed jury instructions and proposed verdict forms.  The Court will not attempt to reconcile the three sets of instructions.  Although the Court will prepare its own jury instructions and verdict form, it will permit the parties one final opportunity to submit proposed instructions and a proposed verdict form in compliance with the Trial Order and D. Kan. Rule 51.1.

The parties shall therefore "serve their proposed instructions upon each other, then meet [and] confer" regarding both the proposed jury instructions and proposed verdict form.[9]  On or before July 27, 2026, the parties shall then submit "one complete set of agreed instructions" and an agreed proposed verdict form.[10]  If the parties cannot agree upon a complete set of instructions, they shall submit "one set of those instructions that have been agreed," and each

---

[7] D. Kan. Rule 51.1.(a)(3).

[8] *Id.*

[9] D. Kan. Rule 51.1(a)(1).

[10] *Id.*

3

party may separately submit a supplemental set containing only the instructions that remain disputed.[11]  If the parties cannot agree upon a proposed verdict form, each party may file a separate proposed verdict form.

The Court further reminds the parties and counsel of their obligation to review and comply with both the Court's Trial Order and this District's local rules before submitting any additional pretrial filings.  The Court also advises the parties that it will take up the pending motions in limine in Courtroom 440 at 8:30 a.m. on August 10, 2026, before jury selection.

**IT IS THEREFORE ORDERED BY THE COURT** that the parties' three sets of proposed jury instructions and proposed verdict forms (Docs. 108, 112, 113, and 116) are **stricken**.  The parties shall serve their proposed instructions upon one another and then meet and confer.  On or before July 27, 2026, the parties shall submit one complete set of agreed instructions and an agreed proposed verdict form.  If they cannot agree upon a complete set of instructions, they shall submit one set of the instructions upon which they agree, and each party may separately submit a supplemental set containing only the instructions that remain disputed. If they cannot agree upon a proposed verdict form, each party may file a separate proposed verdict form.

**IT IS SO ORDERED.**

Dated: July 22, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[11] D. Kan. Rule 51.1(a)(2).