**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MARCELINO ALBUERNE and RUBY JENKINS,** | |
| **Plaintiffs,** | |
| **v.** | **Case No. 5:24-CV-04043-JAR** |
| **RENT RECOVERY SOLUTIONS, LLC,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Rent Recovery Solutions, LLC's Motion to Strike Plaintiffs' Untimely Witness List and, Alternatively, Motion in Limine to Exclude or Limit the Testimony of Douglas Hollon (Doc. 146). For the reasons explained below, the Court grants the motion in part and finds it moot in part.

The Federal Rules of Civil Procedure require parties to timely disclose the identities of trial witnesses.[1] A timely disclosure is either 30 days before trial, or at another time set by the Court.[2] The Court entered a Trial Order setting the deadline to identify final witnesses as July 13, 2026.[3]

On July 14, 2026, after the deadline had passed, Plaintiffs filed their witness list for trial.[4] This list identified 9 witnesses. It did not identify Hollon as a witness in any capacity, nor did it

---

[1] *See* Fed. R. Civ. P. 26(a)(3).

[2] Fed. R. Civ. P. 26(a)(3)(B).

[3] Doc. 106.

[4] Doc. 111.

identify any expert witness.  On July 27, 2026, two weeks before trial, Plaintiffs filed a second witness list, this time adding Hollon as an expert.[5]

Defendant moves to strike Hollon as a witness pursuant to the Court's Trial Order and Rule 26(a)(3).  The Trial Order required the parties to file their final witness disclosures no later than July 13, 2026, and provided that "[w]itnesses and exhibits not so disclosed and exchanged as required by the Court's order shall not be permitted to testify or be received in evidence, respectively, except by agreement of counsel or upon order of the Court."[6]  Here, Plaintiffs neither obtained Defendant's agreement nor sought leave of Court before filing their second witness list identifying Hollon as a trial witness.

Rule 26(a)(3) likewise requires parties to disclose the identity of each witness they expect to present at trial by the deadline set by the Court.[7]  If a party fails to timely identify a trial witness, Rule 37(c)(1) provides that the party may not use that witness at trial unless the failure was substantially justified or harmless.[8]  The Court considers four factors in determining whether the failure to comply with Rule 26(a)(3) was substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[9]

Here, the first factor weighs heavily in favor of exclusion.  Plaintiffs' initial witness list, which was also filed out of time, did not identify Hollon as a witness in any capacity and did not

---

[5] Doc. 138.

[6] Doc. 106 at 1.

[7] Fed. R. Civ. P. 26(a)(3)(A)(i), (B).

[8] Fed. R. Civ. P. 37(c)(1).

[9] *ClearOne Commc'ns., Inc. v. Biamp Sys.*, 653 F.3d 1163, 1176 (10th Cir. 2011).

identify any expert witness.  Only after the deadlines for objections to witness disclosures and motions in limine had passed—and just two weeks before trial—did Plaintiffs file a second witness list identifying Hollon as an expert.  Defendant explains that it relied on Plaintiffs' initial witness list in preparing for trial.  Although Defendant was aware of Hollon and had deposed him during discovery, that knowledge did not provide notice that Plaintiffs intended to call him at trial. Rule 26(a)(3) exists precisely to require parties, after discovery has concluded, to identify the witnesses they expect or may need to present *at trial*.  Plaintiffs' late disclosure deprived Defendant of the opportunity to timely prepare witness-specific motions in limine, objections to Hollon as a witness, voir dire strategy, cross-examination planning, and its overall trial preparation based on Plaintiffs' final witness list.

The second factor likewise weighs in favor of exclusion because the prejudice cannot readily be cured.  As already explained, by the time Plaintiffs disclosed Hollon, the deadlines for objections to final witness disclosures and motions in limine had passed.  Curing the prejudice would require reopening those deadlines and permitting Defendant to revise or supplement its pretrial filings, objections, and trial strategy.  And because Plaintiffs disclosed Hollon only two weeks before trial, there was insufficient time to cure the prejudice without materially disrupting Defendant's final trial preparation.

The third factor also weighs in favor of exclusion because permitting Hollon to testify at this late stage would disrupt the trial.  Trial is imminent, and allowing his testimony would require the parties and the Court to revisit pretrial matters governed by deadlines that have already passed, including motions in limine, proposed jury instructions, and voir dire.  Requiring additional submissions and consideration of those matters so close to trial would disrupt the

orderly progression of the case and undermine the schedule the Court set forth months ago in the Trial Order.

The fourth factor does not weigh as strongly in favor of exclusion because the record does not establish that Plaintiffs acted in bad faith. The circumstances nevertheless indicate that Plaintiffs were aware of Hollon, his report, and the Trial Order's disclosure requirements well before the deadline. They nevertheless omitted him from their initial witness list and did not identify him as a trial witness until July 27, 2026. Defendant also submits an affidavit from its counsel, Jonathan Aust,[10] who states that counsel discussed the parties' proposed jury instructions and witness and exhibit lists on July 13 and July 16, 2026. During neither discussion did Plaintiffs indicate that Hollon would testify, mention his report, or state that they intended to present expert testimony at trial. Thus, although the Court does not find bad faith, the circumstances weigh against treating Plaintiffs' omission as a mere oversight.

Accordingly, the Court finds that Plaintiffs' failure to comply with the Trial Order and Rule 26(a)(3) was neither substantially justified nor harmless. The Court therefore grants Defendant's motion to strike and excludes Hollon as a witness at trial.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Strike Plaintiffs' Untimely Witness List and, Alternatively, Motion in Limine to Exclude or Limit the Testimony of Douglas Hollon (Doc. 146) is **granted in part and denied as moot in part**. The motion is granted to the extent Defendant seeks to strike Plaintiffs' untimely designation of Douglas Hollon as a trial witness. Hollon shall not be permitted to testify at trial. Defendant's alternative request to exclude or limit Hollon's testimony is denied as moot.

**IT IS SO ORDERED.**

---

[10] Doc. 146-1.

4

Dated: August 6, 2026

                                                      S/ Julie A. Robinson
                                                      JULIE A. ROBINSON
                                                      UNITED STATES DISTRICT JUDGE