**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

MARCELINO ALBUERNE and RUBY
JENKINS,

   **Plaintiffs,**

   **v.**

RENT RECOVERY SOLUTIONS, LLC,

   **Defendant.**

      **Case No. 5:24-CV-04043-JAR**

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on Plaintiffs Marcelino Albuerne and Ruby Jenkins's

Motion for Reconsideration (Doc. 155) of the Court's Order granting Defendant Rent Recovery

Solutions, LLC's Motion to Strike Plaintiffs' Untimely Witness List and, Alternatively, Motion

in Limine to Exclude or Limit the Testimony of Douglas Hollon.[1]  Plaintiffs ask the Court to

reconsider its decision excluding Hollon as a trial witness.  For the reasons explained below, the

Court denies the motion.

   D. Kan. Rule 7.3 governs motions to reconsider and states:

> Except for motions under Fed. R. Civ. P. 59(e) or 60, parties
> seeking reconsideration of a court order must file a motion within
> 14 days after the order is served unless the court extends the time.
> A motion to reconsider must be based on:
>
>  (1) an intervening change in controlling law;
>  (2) the availability of new evidence; or
>  (3) the need to correct clear error or prevent manifest
>    injustice.

---

[1] Doc. 153 (denying as moot Defendant's motion to exclude or limit Hollon's testimony).

Such motions are not appropriate to ask the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.[2] Reconsideration may be appropriate, however, if the Court has misapprehended the facts, a party's position, or the controlling law.[3]

The Court previously entered a Trial Order setting the deadline to identify final witnesses as July 13, 2026.[4] On July 14, 2026, after the deadline had passed, Plaintiffs filed their witness list for trial.[5] This list identified 9 witnesses. It did not identify Hollon as a witness in any capacity, nor did it identify any expert witness. On July 27, 2026, two weeks before trial, Plaintiffs filed a second witness list, without requesting leave to do so, this time adding Hollon as an expert.[6]

Defendant moved to strike Plaintiffs' late designation of Hollon under the Trial Order, Rule 26(a)(3), and Rule 37(c)(1).[7] In its prior Order, the Court granted that request, finding that Plaintiffs failed to timely identify Hollon as a trial witness and that the failure was neither substantially justified nor harmless.[8] The Court therefore excluded Hollon from testifying at trial.

Plaintiffs now ask the Court to reconsider that ruling based on argument concerning Hollon's prior disclosure and the circumstances surrounding his omission from their witness list. Having considered Plaintiffs' arguments, the Court reaches the same conclusion.

---

[2] *See Matosantos Commercial Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1209 n.2 (10th Cir. 2001).

[3] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[4] Doc. 106.

[5] Doc. 111.

[6] Doc. 138.

[7] Doc. 146.

[8] Doc. 153.

The Trial Order provides that "[w]itnesses and exhibits not so disclosed and exchanged as required by the Court's order shall not be permitted to testify or be received in evidence, respectively, except by agreement of counsel or upon order of the Court."[9]  Here, Plaintiffs neither obtained Defendant's agreement nor sought leave of Court before filing their second witness list identifying Hollon as a trial witness.

Rule 26(a)(3) likewise requires parties to disclose the identity of each witness they expect to present at trial by the deadline set by the Court.[10]  If a party fails to timely identify a trial witness, Rule 37(c)(1) provides that the party may not use that witness at trial unless the failure was substantially justified or harmless.[11]

The Court considers four factors in determining whether the failure to comply with Rule 26(a)(3) was substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[12]

As to the first factor, Plaintiffs principally argue that Defendant cannot claim surprise or prejudice because Hollon was disclosed as an expert during discovery, produced an expert report in March 2025, was deposed by Defendant, and was the subject of an earlier motion to exclude. The Court already addressed this issue in its prior Order, and Plaintiffs' additional argument does not alter the analysis.  Those circumstances may establish that Defendant knew Hollon's identity and opinions during discovery, but they do not establish that Defendant knew Plaintiffs intended

---

[9] Doc. 106 at 1.

[10] *See* Fed. R. Civ. P. 26(a)(3).

[11] Fed. R. Civ. P. 37(c)(1).

[12] *ClearOne Commc'ns., Inc. v. Biamp Sys.*, 653 F.3d 1163, 1176 (10th Cir. 2011).

to call him as a witness at trial.  Rule 26(a)(3) separately requires parties to identify the witnesses they expect to present *at trial*.  That requirement would serve little purpose if disclosure of a witness at some earlier stage of litigation were sufficient to place the opposing party on notice that the witness would appear at trial.

Indeed, Plaintiffs' own argument underscores the distinction.  Hollon was disclosed and litigated as an expert before the Court granted partial summary judgment without relying on his opinions and denied Defendant's earlier motion to exclude as moot.  Plaintiffs thereafter filed a final witness list that omitted Hollon entirely.  Defendant was entitled to rely on that final disclosure in preparing for trial.  The fact that Defendant previously deposed Hollon and challenged his opinions does not eliminate the prejudice caused by Plaintiffs' subsequent representation, through their final witness list, that Hollon would not be presented as a trial witness.

Plaintiffs also argue that the corrected witness list disclosed no new opinions or subject matter.  But the prejudice identified in the Court's prior Order was not limited to an inability to discover Hollon's opinions.  It included Defendant's ability to timely prepare for trial based on Plaintiffs' final witness disclosures, including witness-specific motions and objections, voir dire strategy, cross-examination planning, and overall trial strategy.  Plaintiffs did not identify Hollon until after the deadlines governing several of those matters had expired.  Defendant's familiarity with Hollon from earlier discovery does not negate its entitlement to structure its final trial preparation around Plaintiffs' final witness disclosures.  The first factor therefore weighs in favor of exclusion.

As to the second factor, Plaintiffs contend that any prejudice has already been cured because Defendant has now filed a motion specifically challenging Hollon's testimony.  This

argument is unpersuasive.  Defendant filed that motion only after Plaintiffs' untimely disclosure and after the Court's deadline for motions in limine had already passed.  Thus, the fact that Defendant nevertheless filed a motion addressing Hollon after the deadline had passed does not establish that the prejudice was cured.  Rather, it illustrates the consequences of Plaintiffs' late disclosure: Defendant was required to raise witness-specific objections outside the Court's established pretrial schedule because Plaintiffs did not timely identify Hollon as a trial witness.

Plaintiffs' position would effectively require Defendant to redo portions of its trial preparation after the applicable deadlines simply because Plaintiffs corrected their own untimely disclosure shortly before trial.  That problem is particularly acute here.  The parties, and now the Court, are addressing the consequences of Plaintiffs' late disclosure only days before trial is scheduled to begin.  And the fact that Defendant has nevertheless responded to the late disclosure does not mean that the prejudice has been cured.  To the contrary, Defendant has been required to raise issues concerning Hollon after the deadlines established for doing so, and the Court is now required to address those issues after the Trial Order's schedule has run its course.  Given the proximity of trial, the expiration of the relevant pretrial deadlines, and the practical infeasibility of revising a schedule that has governed the parties' preparation for months, the resulting prejudice cannot be adequately cured at this stage.  The second factor therefore weighs strongly in favor of exclusion.

As to the third factor, permitting Hollon to testify would disrupt the orderly progression of trial.  As already explained, trial is imminent.  Allowing Hollon to testify would require the parties and the Court to revisit matters that have already been prepared based on Plaintiffs' initial witness list, including motions in limine, voir dire, witness objections, and other trial preparation.  And Plaintiffs offer no meaningful explanation as to how the parties and the Court should revisit

these matters on the Friday before the Monday on which trial is set to begin, after the applicable

pretrial deadlines have passed and final trial preparation is otherwise complete.  Nor do Plaintiffs

explain why the burden of accommodating their untimely disclosure at this stage should fall on

Defendant and the Court.  Under these circumstances, the third factor weighs in favor of

exclusion.

As to the fourth factor, Plaintiffs submit a declaration from their counsel stating that

Hollon appeared on an earlier working version of the witness list, was inadvertently removed

during revisions, and was restored when counsel discovered the omission on July 27.[13]  Even

assuming that Hollon's initial omission resulted from a clerical error, however, the surrounding

circumstances remain unexplained.

As Defendant's counsel, Jonathan Aust, explained in his affidavit,[14] counsel discussed the

parties' proposed jury instructions and witness and exhibit lists on July 13 and again on July 16.

During neither discussion did Plaintiffs identify Hollon, mention his report, or indicate that they

intended to present any expert testimony at trial.  That circumstance is particularly significant

because Plaintiffs now contend that, during this same period, they believed Hollon had been

included on their witness list.  Yet Hollon—and indeed any intention to present expert

testimony—did not arise during either of two discussions specifically concerning the parties'

trial witnesses and exhibits.  Plaintiffs' assertion that Hollon was inadvertently deleted from the

filed list does not explain that circumstance.

On balance, the Court finds that the Rule 37 factors weigh in favor of exclusion.  The

first three factors weigh squarely against Plaintiffs, and the fourth does not outweigh the

---

[13] Doc. 155-1.

[14] Doc. 146-1.

prejudice and disruption caused by the untimely disclosure.  The Court therefore finds that Plaintiffs' failure to timely identify Hollon as a trial witness was neither substantially justified nor harmless.

Plaintiffs also point to the Court's Guidelines, which recognize that a previously disclosed witness who is omitted from a final witness list may, in appropriate circumstances, still be permitted to testify where the omission occurred in good faith.[15]  However, the Court's Guidelines do not eliminate the requirement that the Court determine whether such an omission was substantially justified or harmless under Rules 26(a)(3) and 37(c)(1).  As explained above, the Court finds that Plaintiffs' omission was neither substantially justified nor harmless.[16]

Accordingly, having considered Plaintiffs' arguments on reconsideration, the Court finds no basis to disturb its prior ruling excluding Hollon as a trial witness.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion for Reconsideration (Doc. 154) is **denied**.

**IT IS SO ORDERED.**

Dated: August 7, 2026

>                           S/ Julie A. Robinson
>                           JULIE A. ROBINSON
>                           UNITED STATES DISTRICT JUDGE

---

[15] Guidelines for Civil and Criminal Proceedings Before Judge Julie A. Robinson, at 2 (Jan. 2023), available at https://www.ksd.uscourts.gov/district-kansas-guidelines.

[16] Plaintiffs also appear to argue that the Court should modify the Trial Order to excuse their failure to timely identify Hollon as a trial witness, citing Rule 16(e) and *Bennett v. Emerson Elec. Co.*, 64 F. App'x 708, 718–19 (10th Cir. 2003).  But Rule 16(e) governs modification of a pretrial order, and *Bennett* likewise involved amendment of a pretrial order to add a damages amount.  *See id.*  It did not involve a trial order requiring final witness disclosures under Rule 26(a)(3).  The consequences of failing to comply with that disclosure requirement are governed by Rule 37(c)(1), not Rule 16(e).  And because the Court has already determined that Plaintiffs' late disclosure of Hollon was neither substantially justified nor harmless, *Bennett* does little to advance their position.