**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MARCELINO ALBUERNE and RUBY JENKINS,**<br><br>    **Plaintiffs,**<br><br>    **v.**<br><br>**RENT RECOVERY SOLUTIONS, LLC,**<br><br>    **Defendant.** | **Case No. 5:24-CV-04043-JAR** |

**ORDER**

Plaintiffs Marcelino Albuerne and Ruby Jenkins bring this action against Defendant Rent Recovery Solutions, LLC for violations of the Fair Credit Reporting Act ("FCRA").  On August 10, 2026, the Court held a limine conference and ruled orally on the parties' motions in limine (Docs. 119, 125, 126, 127, 128, 129, 130, 131).  This Order memorializes those rulings.  For the reasons explained on the record at the hearing, the Court rules as follows.

**I.      Defendant's Motion in Limine (Doc. 119)**

**1.   Albuerne's Experian and Equifax credit reports and dispute letters, and Jenkins's TransUnion credit report and dispute letter**

Denied.  Plaintiffs may introduce this evidence if they establish that it reflects Defendant's continued reporting after the relevant investigations and relates to Plaintiffs' claimed damages.

**2.   Evidence predating the relevant FCRA violations**

Granted in part and denied in part.  Plaintiffs may not introduce evidence of damages suffered before Defendant's violations of the FCRA for the purpose of recovering those damages.  Plaintiffs may, however, introduce otherwise admissible evidence predating the violations, including evidence of Plaintiffs' direct communications with Defendant concerning

the debt, the documentation they provided, Defendant's account records, and Plaintiffs'

emotional condition before the violations, if the evidence is relevant to Defendant's purported

willfulness or to establishing a baseline from which the jury may determine whether Defendant's

violations caused or aggravated Plaintiffs' alleged damages.

### 3. Albuerne's Navy Federal Credit Union mortgage-denial letter and related testimony or argument

Denied without prejudice in part.  Plaintiffs may introduce the letter, upon proper

authentication, to show that Albuerne received a mortgage-denial communication and its effect

on him.  The Court reserves ruling on the admissibility of the statements in the letter identifying

Navy Federal's reasons for the denial and will address any contemporaneous objection at trial.

### 4. Jenkins's Capital One denial email and related testimony or argument

Denied, subject to foundation.  Plaintiffs may introduce the email to show that Jenkins

received a credit-denial communication and its effect on her, provided Jenkins establishes when

she received it and its relevance to the period and damages at issue.

## II.    Plaintiffs' Motions in Limine

### 1. Objectively reasonable interpretation defense under *Safeco* (Doc. 125)

Granted.  Because whether Defendant's conduct was consistent with an objectively

reasonable interpretation of the FCRA presents a question of law, Defendant may not present

evidence or argument on that issue to the jury or request a *Safeco* objectively-reasonable-

interpretation instruction.  Defendant may raise any such argument to the Court by appropriate

motion.

### 2. Mitigation of damages and additional consumer obligations (Doc. 126)

Granted.  Defendant may not assert a failure-to-mitigate defense or argue that Plaintiffs

were required to submit additional disputes, provide additional documentation, contact

Defendant directly, or take other corrective steps after submitting their disputes to the consumer reporting agencies.

### 3. Fault of consumer reporting agencies or other nonparties (Doc. 127)

Granted.  Defendant may not attribute fault to a consumer reporting agency or another nonparty, seek apportionment of damages, or argue that another entity's conduct excused Defendant's violations.

### 4. Advice of counsel or attorney approval (Doc. 128)

Granted.  Defendant may not present evidence or argument that an attorney or legal department advised, approved, authorized, or determined the legality of Defendant's conduct.

### 5. Attorneys' fees and costs, liability insurance, indemnification, and collectability of a verdict (Doc. 129)

Granted.  The parties may not present evidence or argument concerning attorneys' fees or costs, liability insurance or indemnification, Defendant's ability to satisfy a judgment, or the collectability of any verdict.  This ruling does not preclude otherwise admissible evidence of Defendant's financial condition if relevant to punitive damages.

### 6. Testimony from Defendant's corporate witnesses (Doc. 130)

Denied without prejudice.  Plaintiffs may raise contemporaneous objections to testimony involving hearsay, speculation, matters outside a witness's personal or admissible corporate knowledge, information not disclosed during discovery, or post-hoc explanations for Defendant's investigations that are not reflected in its contemporaneous records or otherwise supported by admissible evidence.

### 7. Proof of emotional-distress damages (Doc. 131)

Granted.  Defendant may not argue that medical treatment, medical records, expert testimony, or other corroborating evidence is required to recover emotional-distress damages.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion in Limine (Doc. 119) is **granted in part and denied in part**; Plaintiffs' Motions in Limine (Docs. 125, 126, 127, 128, 129, and 131) are **granted**; and Plaintiffs' Motion in Limine (Doc. 130) is **denied without prejudice**.

**IT IS SO ORDERED.**

Dated: August 10, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE