**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| MARCELINO ALBUERNE &<br>RUBY JENKINS,<br><br>Plaintiffs,<br><br>v.<br><br>RENT RECOVERY SOLUTIONS, LLC,<br><br>Defendants. | Case No.: 5:24-cv-04043-JAR-GEB<br>Honorable District Judge: Julie A. Robinson<br><br>PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, RELATED NONTAXABLE EXPENSES AND COSTS |

Plaintiffs Marcelino Albuerne and Ruby Jenkins ("Plaintiffs"), pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2), Federal Rule of Civil Procedure 54(d), and D. Kan. Rules 54.1 and 54.2, move for determination of their reasonable attorneys' fees, related nontaxable litigation expenses, and taxable costs payable by Defendant Rent Recovery Solutions, LLC ("Rent Recovery") following the Final Judgment entered August 14, 2026 (Doc. 171) on the jury's verdict in Plaintiffs' favor (Doc. 170).

Rule 54(d)(2)(B) permits a motion to state the amount sought or a fair estimate. Plaintiffs presently seek approximately $375,000 in attorneys' fees, related nontaxable litigation expenses, and taxable costs. That amount is a current fair estimate based on the records presently available and remains subject to reasonable ongoing fee-application work and final segregation of taxable costs under Rule 54.1 from related nontaxable expenses under Rule 54(d)(2) and D. Kan. Rule 54.2.

On August 28, 2026, Plaintiffs conferred with Defendant pursuant to D. Kan. Rule 54.2(a). Duran Keller and Beth Findsen participated for Plaintiffs, and John Bedard and Jonathan Aust

participated for Defendant. Plaintiffs advised Defendant that their current estimate of attorneys' fees, related nontaxable litigation expenses, and taxable costs is approximately $375,000 and requested Defendant's position and agreement to pay that amount. The parties had substantive discussions regarding resolution. However, the parties did not resolve the matter through consultation. Defendant, by counsel, confirmed that Plaintiffs satisfied the requirement to confer. As necessary, Plaintiffs will timely submit the statement of consultation, memorandum, time records, declarations, and other evidence required by D. Kan. Rule 54.2 in support of their attorneys' fees and related nontaxable litigation expenses.

Plaintiffs will separately submit taxable costs in accordance with Federal Rule of Civil Procedure 54(d)(1), 28 U.S.C. § 1920, and D. Kan. Rule 54.1. Plaintiffs will segregate taxable costs from related nontaxable litigation expenses and will not seek duplicate recovery of any item in both categories.

Plaintiffs therefore request that the Court determine the reasonable attorneys' fees, related nontaxable litigation expenses, and taxable costs to which Plaintiffs are entitled.

Respectfully submitted August 28, 2026,

By: */s/ Jenna Dakroub*
Jenna Dakroub, MO Bar #73255
CONSUMER JUSTICE LAW FIRM PLC
16130 Ventura Blvd., Suite 300
Encino, CA 91436
T: (602) 807-1525
F: (480) 613-7733
E: jdakroub@consumerjustice.com

/s/ Beth K. Findsen
Beth K. Findsen (*pro hac vice*)
CONSUMER JUSTICE LAW FIRM PLC
8095 N 85th Way
Scottsdale, AZ 85258
T: (602) 807-6676
E: bfindsen@consumerjustice.com

/s/ Duran Keller
Duran Keller (*pro hac vice*)
CONSUMER JUSTICE LAW FIRM PLC
8095 N. 85th Way
Scottsdale, AZ 85258
T: (984) 310-0626
E: dkeller@consumerjustice.com

*Attorneys for Plaintiffs*
*Marcelino Albuerne & Ruby Jenkins*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

*/s/ Marie Tirona*