**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| MARCELINO ALBUERNE & RUBY JENKINS, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No. 5:24-cv-04043-JAR |
| RENT RECOVERY SOLUTIONS, LLC | ) | |
| Defendant. | ) | |

**DEFENDANT RENT RECOVERY SOLUTIONS, LLC'S UNOPPOSED MOTION FOR LEAVE TO EXCEED PAGE LIMIT FOR CONSOLIDATED POSTTRIAL MOTION AND SUPPORTING MEMORANDUM**

Defendant Rent Recovery Solutions, LLC ("RRS") respectfully moves under D. Kan. Rule 7.1(d) for leave to file a single consolidated posttrial motion and supporting memorandum, not exceeding 40 pages in total, seeking renewed judgment as a matter of law under Federal Rule of Civil Procedure 50(b), relief under Rule 59, and a remittitur. RRS proposes to present these related requests in one filing rather than three separate motions. In support, RRS states:

1. The Court entered judgment on August 14, 2026. See Doc. 171. RRS intends to seek posttrial relief through a renewed motion for judgment as a matter of law, a motion for a new trial or to alter or amend the judgment, and a request for a remittitur.

2. D. Kan. Rule 7.1(d)(3) ordinarily limits principal briefs supporting motions of this kind to 15 pages. Rule 7.1(d) permits the Court to order otherwise. RRS requests a 40-page limit for its consolidated motion and supporting memorandum.

3. Good cause supports the requested enlargement. Although the requests for relief arise from the same proceedings and share portions of the record, they require separate analysis of the governing standards, the grounds supporting each form of relief, and the relationship between the requested remedies. The consolidated filing must explain the basis for renewed judgment as a

matter of law, address the grounds for relief under Rule 59, and separately analyze the damages award and the requested remittitur.

4. Adequate presentation also requires citations to the pertinent trial testimony, exhibits, rulings, jury instructions, and verdict. The filing must connect that record to the applicable standards and distinguish the grounds and requested relief as to each Plaintiff. A single 15-page brief would not provide sufficient space to address those matters with the clarity and record support necessary for the Court's review.

5. Consolidation will reduce repetition. Separate motions would require overlapping descriptions of the procedural history, trial evidence, and verdict. A single filing will allow RRS to state the common background once, organize the issues under distinct headings, and explain how the requested forms of relief relate to each other.

6. The requested 40-page limit is reasonably tailored to that purpose. It is less than the combined 45 pages that three 15-page principal briefs would occupy. RRS offers that comparison to demonstrate the economy of the proposed consolidated presentation, rather than to claim an automatic entitlement to cumulative page limits.

7. A consolidated filing will also enable Plaintiffs to address RRS's posttrial arguments in a coordinated manner and allow the Court to evaluate the requested relief without moving among multiple briefs containing overlapping factual accounts and arguments.

8. RRS will keep the filing focused on the grounds necessary to resolve its posttrial requests, avoid duplicative discussion, and limit the consolidated motion and supporting memorandum to no more than 40 pages in total.

9. The deadline for RRS's posttrial filing is September 11, 2026. This request is filed at least three days before that deadline, as required by D. Kan. Rule 7.1(d)(4). RRS seeks an enlargement of the page limit only, not an extension of the deadline for seeking posttrial relief.

10. On September 8, 2026, counsel for RRS, John H. Bedard, Jr., conferred with counsel for Plaintiffs, Beth Findsen, who advised that Plaintiffs do not oppose this request for leave to exceed page limits.

WHEREFORE, Defendant respectfully requests that the Court grant leave to file one consolidated posttrial motion and supporting memorandum, not exceeding 40 pages in total, seeking renewed judgment as a matter of law under Rule 50(b), relief under Rule 59, and remittitur.

DATED this 8th day of September, 2026.

Respectfully submitted,

SPENCER FANE LLP

By: s/ Joshua C. Dickinson

Joshua C. Dickinson KS Bar No. 20632
1000 Walnut, Suite 1400
Kansas City, MO 64106
Telephone: (816) 474-8100
Facsimile: (816) 474-3216
E-mail: jdickinson@spencerfane.com

and

John H. Bedard, *admitted pro hac vice*
Jonathan K. Aust, *admitted pro hac vice*
Bedard Law Group, P.C.
4855 River Green Parkway, Suite 310
Duluth, GA 30096
Telephone: (678) 253-1871
Email: jbedard@bedardlawgroup.com5
jaust@bedardlawgroup.com

ATTORNEYS FOR DEFENDANT RENT RECOVERY SOLUTIONS, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically with the United States District Court for the District of Kansas this 8th day of September, 2026, with notice of case activity generated and sent to counsel of record.

s/ Joshua C. Dickinson