**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| MARCELINO ALBUERNE and RUBY JENKINS,<br><br>Plaintiffs,<br><br>v.<br><br>RENT RECOVERY SOLUTIONS, LLC,<br><br>Defendant. | **Case No. 5:24-cv-04043-JAR**<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES AND RELATED EXPENSES** |

Plaintiffs Marcelino Albuerne and Ruby Jenkins submit the following Memorandum in Support of their Motion for Attorneys' Fees and Related Expenses.

## I. INTRODUCTION

Plaintiffs seek the reasonable fees incurred to enforce their Fair Credit Reporting Act ("FCRA") claims against Rent Recovery Solutions, LLC, together with separately itemized litigation expenses authorized by the statute. The request is a conventional lodestar: 542.04 hours performed by two attorneys and a trial paralegal, at rates of $800, $675, and $190, respectively, totaling **$347,689**. The Court presided over the work that culminated in a jury finding that Rent Recovery willfully violated the FCRA as to both Plaintiffs and verdicts totaling $1.3 million. Plaintiffs submit contemporaneous or near-contemporaneous records, substantial voluntary reductions, evidence from experienced Kansas City lawyers, and detailed declarations explaining the specialized work performed.

The result was complete as to Rent Recovery. The Court granted Plaintiffs partial summary judgment on liability and denied Rent Recovery's competing dispositive motion. The remaining issues – causation, actual damages, willfulness, and punitive damages – were contested and tried in front of a jury over five days. The jury found willfulness as to the conduct directed toward each

Plaintiff and returned $150,000 in actual damages and $500,000 in punitive damages for each. ECF Nos. 103, 170–71. Plaintiffs timely filed their fee motion on August 28, 2026. ECF No. 179.

The requested $800 rate for Duran Keller is restrained. It is supported by direct current-rate evidence from Douglas Carter [Ex. 1 Dec. of D Carter], a forty-five-year Kansas City litigator who charges hourly clients $800 and concludes that Keller's work commands more; by Bryce Bell [Ex. 2 Dec. of B Bell], Brandon Boulware [Ex. 3 Dec. of B Boulware], experienced Kansas City consumer and trial lawyers; and by Anthony Chester [Ex. 4 Dec. of A Chester] and Jenilee Zentrich [Ex. 10, Dec. Of J Zentrich], consumer protection and FCRA practitioners admitted in this District with extensive firsthand knowledge of Keller's trial skills. The rate is also supported by this Court's own market analysis, the present record of Keller's highly concentrated consumer law and trial practice, and the Court's firsthand observation of the work in this case. Beth Findsen's $675 rate is similarly supported by her twenty-nine years of specialized consumer practice and the responsibility she carried from case inception through trial. The requested $190 rate for Brianna Frohman reflects substantive trial-paralegal work and sits comfortably within local rate evidence.

The expense schedule will separately identify the requested nontaxable litigation expenses, totaling **$22,879**, and will segregate taxable items for a separate bill of costs under D. Kan. Rule 54.1. [Ex. 5 Expense Report] The Court should determine reasonable fees of **$347,689** and the separately documented nontaxable expenses.

## II. LEGAL AUTHORITIES AND ARGUMENT

### A. PLAINTIFFS ARE ENTITLED TO REASONABLE FEES AND RELATED EXPENSES

Section 1681n(a)(3) provides that a consumer who successfully enforces liability for willful FCRA noncompliance may recover "the costs of the action together with reasonable attorney's fees as determined by the court." 15 U.S.C. § 1681n(a)(3). Plaintiffs satisfy that standard. The Court entered partial summary judgment for them on liability; a jury then found Rent Recovery's violations

willful as to both Plaintiffs; and judgment was entered on the resulting verdicts. ECF Nos. 103, 170–71.

The lodestar – reasonable hours multiplied by reasonable rates – is the starting point for a statutory-fee determination. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.*, 616 F.3d 1098, 1102–03 (10th Cir. 2010). Once the applicant documents reasonable rates and hours, the lodestar is presumptively reasonable. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552–54 (2010). Plaintiffs do not seek a multiplier. Their proof meets D. Kan. Rule 54.2(e): declarations from the lawyers seeking compensation, declarations from experienced market lawyers, and the supporting time records.

## B. THE REQUESTED HOURS ARE REASONABLE

### 1. The schedules reflect a disciplined division of labor in a contested, five-day federal jury trial.

This was not a case resolved by the liability ruling alone. The Court's February 25, 2026, partial-summary-judgment ruling left causation, actual damages, willfulness, and punitive damages to be proved at trial. ECF No. 103. That work required counsel to separate each Plaintiff's CRA disputes and compensable injury from other credit events and preexisting difficulties; prepare and present the contradictory payment documents and Rent Recovery's corporate procedures through admissible evidence; and meet the defense presented by Rent Recovery's three trial lawyers. Keller Decl. ¶¶ 18,21 [Ex. 6 Dec. of D Keller]; Findsen Decl. ¶¶ 30–31; [Ex. 7 Dec. of B Findsen]. Findsen Time Rec. Rows 104-208 [Ex. 7-A Findsen Time Records].

Findsen developed the Rent Recovery claim from the outset. She conducted discovery, took Rent Recovery's Rule 30(b)(6) deposition, prepared the successful summary-judgment briefing, and continued as trial co-counsel. Keller joined after summary judgment, absorbed the record, and assumed lead responsibility for trial strategy and presentation. At trial, Keller conducted jury selection, opening statement, the examinations of Christopher Coelho, Marcelino Albuerne, and Yasmin Appawu, and closing argument and rebuttal. Findsen conducted Ruby Jenkins's direct

examination and handled substantial record, evidence, and instruction work. Keller Decl. ¶¶ 18-21 [Ex. 6]; Findsen Decl. ¶¶ 16–21[Ex. 7].

Those roles were distinct. Two active plaintiffs' lawyers were reasonable in a multi-year federal case tried against three defense lawyers. The relevant question is whether the work was reasonably necessary, not whether a different team could imagine a cheaper way to litigate after the fact. *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983). The schedules seek no time for local counsel Jenna Dakroub and no time directed solely to the dismissed consumer-reporting-agency defendants. Keller Decl. ¶¶ 21,24 [Ex. 6].

**2. Counsel exercised billing judgment before submitting their schedules.**

The present lodestar is already the product of billing judgment. Keller requests 168.00 hours at $800, or $134,400, from a schedule through August 28, 2026. He did not record every task performed; eliminated or reduced time in real time; excluded unrelated work performed during travel; and reviewed the schedule for duplication, excess, administrative work, and unrelated work. Keller Decl. ¶¶ 24-26 [Ex.6]. Findsen requests 293.24 hours at $675, or $197,937. Her review excluded clerical, excessive, duplicative, and mock-opening time. Findsen Decl. ¶¶ 21,30 [Ex. 7].

Frohman recorded 103.6 hours but seeks compensation for only 80.8 hours at $190, or $15,352; 22.8 hours are priced at zero. Her work included substantive trial-paralegal support: locating evidence and prior testimony, maintaining witness-specific materials, assisting with juror research, and operating the trial-presentation system. Keller Decl. ¶ 27 [Ex. 6]. The claimed schedule is supported by Frohman Decl. ¶¶ 9, 12 [Ex. 8, Dec. of B Frohman] and [Ex. 8-A], which identify the final claimed substantive paralegal time. The Court may compensate genuine paralegal services at market rates, while excluding clerical work; Plaintiffs have already eliminated time related to -and therefore do not seek compensation for – clerical tasks. *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989); *Fox v. Pittsburg State Univ.*, 258 F. Supp. 3d 1243, 1255–57 (D. Kan. 2017).

The Court should not apply a mechanical claim-count or damages-ratio reduction. The work directed to Rent Recovery shared a common factual and legal core, and Plaintiffs succeeded against Rent Recovery on liability, willfulness, actual damages, and punitive damages. *Hensley*, 461 U.S. at 435–36, 440; *Flitton v. Primary Residential Mortg., Inc.*, 614 F.3d 1173, 1176–78 (10th Cir. 2010).

### C. THE REQUESTED RATES ARE REASONABLE IN THE KANSAS CITY MARKET

#### 1. The governing inquiry is the current rate for comparable services, informed by the Court's own observations.

A reasonable hourly rate is the current market rate for comparable services by lawyers of comparable skill, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 & n.11 (1984); *Ramos*, 713 F.2d at 555. Relevant proof includes current paid rates, informed local-market declarations, comparable fee decisions, individual qualifications, and the trial court's observation of counsel's performance. *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1255–57 (10th Cir. 1998).

This Court has applied that individualized methodology. *Fox* recognizes that the relevant Kansas City market spans both sides of the state line and that specialization, experience, reputation, and trial quality observed by the Court all matter. 258 F. Supp. 3d at 1263–71. The Court therefore need not default to a historical "customary" figure when the applicants provide concrete market evidence. *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233–34 (10th Cir. 2000).

The declarations provide three independent kinds of proof: actual current paid-rate evidence; current Kansas City market opinions from accomplished practitioners; and individualized evidence of the work and trial skill at issue. Plaintiffs are not seeking a North Carolina or national rate because Keller lives in North Carolina and practices with an Arizona-based firm. They seek a rates supported by the Kansas City and surrounding locale, supported by Kansas City lawyers and by the particular services delivered in this District. Carter Decl. ¶¶ 11–19 [Ex. 1]; Bell Decl. ¶¶ 19–39 [Ex. 2]; Boulware Decl. ¶¶ 13–24 [Ex. 3]; Chester Decl. ¶¶ 14-18, 30-34 [Ex. 4].

**2. The $800 rate for Keller is conservative.**

Keller's $800 rate is below the rate the present record supports. Carter, a forty-five-year Kansas City attorney admitted in Kansas and Missouri, currently charges hourly clients $800 in complex litigation; he explains that Keller's $800 is below what Keller could reasonably command. Carter Decl. ¶¶ 14–19 [Ex. 1]. Bell's current complex-consumer rate is $825, and Bell concludes that $850 is reasonable for Keller. Bell Decl. ¶¶ 16, 28-29 [Ex. 2]. Boulware, a Kansas City trial lawyer whose work spans both Kansas and Missouri, views $800 as reasonable and conservative for Keller's work in this case. Boulware Decl. ¶¶ 13–17 [Ex. 3]. Zentrich, with a background in both consumer-protection litigation and insurance defense, supports a higher rate. Zentrich Decl. ¶¶ 6-15 [Ex. 10 Dec. of J. Zentrich]. Chester's District of Kansas FCRA practice, his firsthand exposure to Keller's training and strategic work, and his consumer-litigation experience provide additional support. Chester Decl. ¶¶ 14,22-33 [Ex. 4].

This Court's decisions supply an additional, but not exclusive, local anchor. In *Bahnmaier v. Wichita State University*, the Court accepted $850 for lead class counsel and $675 for Boulware in the Kansas City market, based on detailed submissions. No. 20-2246-JAR-TJJ, 2021 WL3662875, at *2 (D. Kan. Aug. 18, 2021). *Bahnmaier* was an unopposed class-settlement matter, so Plaintiffs invoke it as a concrete local benchmark, not as an automatic rate schedule. *Id.* at *1Chester's CPI calculation confirms that the $675 local figure in August 2021 is approximately $826.53 in August 2026 dollars. Chester Decl. ¶ 31 [Ex.4]. And while CPI does not set a lawyer's rate, here it corroborates the contemporary market evidence.

The comparison concerns comparable services, not a generic lawyer with the same admission date. Keller was retained to lead trial after summary judgment on the technical issues remaining: causation, emotional injury, willfulness, and punitive damages. His concentrated record of individual consumer trials, repeated recent verdicts, national teaching, NACA leadership, demand from other lawyers, and ability to assume responsibility for a trial record directly bear on skill, efficiency, and

market value. Keller Decl. ¶¶ 5,7–13-18, 29 [Ex. 6]; Osborne Decl. ¶¶ 7–21 [Ex. 9 Dec. of M Osborne]. Those facts are not offered as a bonus or multiplier. They are the individual evidence that the governing market-rate inquiry requires. *Fox*, 258 F. Supp. 3d at 1267–71.

**3. Findsen's requested $675 rate and Frohman's requested $190 rate are reasonable.**

Findsen has approximately twenty-nine years of practice, has concentrated for most of that time on consumer-protection litigation, and led this case through discovery and partial summary judgment before continuing as trial co-counsel. Her experience includes complex litigation, hundreds of consumer matters, trial and appellate work, the Rule 30(b)(6) deposition in this case, the liability briefing, and the individualized development of Jenkins's proof. Findsen Decl. ¶¶ 2, 8-9, 12,16-20 [Ex. 7]. Carter, Bell, Boulware, Chester, and Keller each support $675 as a reasonable Kansas City market rate for Findsen's work. Carter Decl. ¶¶ 20–22 [Ex. 1]; Bell Decl. ¶¶ 34–39 [Ex. 2]; Boulware Decl. ¶¶ 18-25 [Ex. 3]; Chester Decl. ¶¶ 34–36 [Ex. 4]; Keller Decl. ¶ 23 Ex. 6].

The requested $190 hourly rate for Frohman is supported by Carter and Boulware's Kansas City market opinions and is consistent with the nature of her substantive trial-paralegal work. Carter Decl. ¶¶ 22–24[Ex.1]; Boulware Decl. ¶ 20 [Ex. 3]. It is also within the range of paralegal rates Judge Robinson found reasonable in *Bahnmaier*, 2021 WL 3662875, at *2.

THE PRESENT LODESTAR IS $347,689 AS OF AUGUST 28,2026

| Timekeeper | Hours | Rate | Fees |
|---|---|---|---|
| Duran L. Keller | 168.00 | $800 | $134,400 |
| Beth K. Findsen | 293.24 | $675 | $197,937 |
| Brianna Frohman | 80.80 | $190 | $15,352 |
| **Total** | **542.04** | — | **$347,689** |

The total reflects 461.24 attorney hours and 80.80 claimed paralegal hours. It is not padded by a multiplier, by local counsel time, or by unrecorded work. It is supported by the work actually required to obtain complete success against Rent Recovery. The schedule currently ends on August

28, 2026. Plaintiffs do not seek an estimate for later fee-litigation work in this amount and will submit later reasonable time through a supplemental schedule or reply, if necessary. Keller Decl. ¶ 30 [Ex.6].

### D. PLAINTIFFS MAY RECOVER THE SEPARATELY DOCUMENTED NONTAXABLE LITIGATION EXPENSES

Reasonable litigation expenses, normally itemized and separately billed to a paying client, are recoverable as part of a statutory fee determination. *Ramos*, 713 F.2d at 559; *Case*, 157 F.3d at 1257–58. Judge Robinson has likewise allowed documented, necessary litigation expenses such as filing and process expenses, transcripts, e-discovery/storage, and online legal research. *Bahnmaier,* 2021 WL 3662875, at *3.

Plaintiffs seek **$22,879** in nontaxable litigation expenses. [Ex. 5]. That schedule will identify each item's date, vendor, category, litigation purpose, amount, and classification, and will attach supporting documentation as appropriate. It will segregate taxable costs to avoid duplicate recovery. Taxable items under 28 U.S.C. § 1920 are not included in this figure; Plaintiffs will seek them through a separate bill of costs under D. Kan. Rule 54.1.

## III. CONCLUSION

Plaintiffs respectfully request that the Court determine reasonable attorneys' and paralegal fees of **$347,689**, together with **$22,879** in separately documented nontaxable litigation expenses, with leave to seek supplemental fees for post-trial work performed since the fee submissions were prepared and grant such further relief as is appropriate.

DATE: September 25, 2026

By: */s/ Jenna Dakroub*
Jenna Dakroub, MO Bar #73255
CONSUMER JUSTICE LAW FIRM PLC
16130 Ventura Blvd., Suite 300
Encino, CA 91436
T: (602) 807-1525
F: (480) 613-7733
E: jdakroub@consumerjustice.com

*/s/ Beth K. Findsen*
Beth K. Findsen (*pro hac vice*)
CONSUMER JUSTICE LAW FIRM PLC
8095 N 85th Way
Scottsdale, AZ 85258
T: (602) 807-6676
E: bfindsen@consumerjustice.com

*/s/ Duran Keller*
Duran Keller (*pro hac vice*)
CONSUMER JUSTICE LAW FIRM PLC
8095 N. 85th Way
Scottsdale, AZ 85258
T: (984) 310-0626
E: dkeller@consumerjustice.com

*Attorneys for Plaintiffs*
*Marcelino Albuerne & Ruby Jenkins*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

*/s/ Marie Tirona*