# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MARCELINO ALBUERNE and
RUBY JENKINS,

Plaintiffs,

v.

Case No. 5:24-cv-04043-JAR

RENT RECOVERY SOLUTIONS, LLC,

Defendant.

**DECLARATION OF DOUGLAS L. CARTER IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES**

I, Douglas L. Carter, being of lawful age and having personal knowledge of the matters stated below, declare and state as follows:

## I. INTRODUCTION AND BASIS FOR THIS DECLARATION

1. I am the founder of the Law Offices of Douglas L. Carter, P.C., 2600 Grand Boulevard, Suite 560, Kansas City, Missouri 64108. I have practiced law for more than forty years and have handled complex civil litigation in Kansas City and across the country.
2. I am licensed in Missouri and Kansas and was also licensed in the District of Columbia, Virginia, and Maryland when, from 1981 through 1985, I lived on the East. Coast. I was admitted in the District of Columbia in 1981, Virginia and Maryland in 1983, Missouri in 1986, and Kansas in 1999.
3. I am admitted to practice before the United States District Court for the District of Kansas, the United States District Court for the Western District of Missouri, the United States District Court for the Eastern District of Missouri, the United States District Court for the Eastern District of Wisconsin, the United States Court of Appeals for the Tenth Circuit, and the United States Court of Appeals for the Eighth Circuit.
4. I submit this Declaration in support of Plaintiffs' Motion for Attorneys' Fees and Expenses following the jury verdict returned in this matter on August 14, 2026.
5. In preparing this Declaration, I reviewed the Verdict Form entered in this matter (ECF No. 170), the Declarations of Duran L. Keller and Beth K. Findsen, and their contemporaneous time records. I also relied on my own experience litigating civil-rights, employment, injury, malpractice, and commercial cases and my knowledge of the Kansas City legal market.

## II. QUALIFICATIONS AND EXPERIENCE

6. I earned my undergraduate degree from the University of Missouri-Columbia and my J.D. from Duke University School of Law in 1981. I began my career at a prominent litigation law firm in Washington, D.C., where I represented employers, insurers, and businesses in significant commercial litigation.

7. I later returned to the Midwest and founded the Law Offices of Douglas L. Carter, P.C., in 1996. My practice has included complex civil litigation involving employment discrimination, retaliation, workplace harassment, disability rights, housing discrimination, civil rights, legal malpractice, business disputes, serious personal injury, nursing-home neglect, and wrongful death.

8. My clients have included Fortune 500 companies, small businesses, and individuals. That experience on different sides of civil litigation has given me familiarity with the rates, staffing, and work performed by both plaintiff and defense lawyers in significant cases.

9. I have handled litigation matters for over 45 years. I have been trained by the National Institute for Trial Advocacy, have taught trial techniques to other lawyers, and served as the in-house trial trainer for associates at my former large firm.

10. I have chaired the Nursing Home Negligence Committee of the Kansas City Metropolitan Bar Association and have been active in professional organizations in the Kansas City legal community including the National Employment Lawyers Association (NELA) where I am a regular speaker on emerging employment and civil rights issues. I have an AV Preeminent peer-review rating from Martindale-Hubbell, its highest peer rating for legal ability and ethical standards.

## III. KNOWLEDGE OF THE KANSAS CITY LITIGATION MARKET

11. My practice has served clients on both the Missouri and Kansas sides of the Kansas City metropolitan area. I have litigated in Kansas and Missouri courts and have worked with and opposed lawyers from local, regional, and national firms. I am familiar with the rates charged for complex federal litigation and with the considerations that affect the market value of legal services.

12. The relevant legal market includes both sides of the Kansas City metropolitan area. Lawyers handling substantial civil litigation in the District of Kansas and the Western District of Missouri regularly practice across the state line, and sophisticated litigation is staffed from the same overlapping community of lawyers and firms.

13. My practice includes contingent matters in employment, civil-rights, and injury litigation, as well as matters involving business clients who pay by the hour. Contingent civil-rights and consumer litigation requires counsel to commit substantial time and resources without current payment and with the risk that no fee will be received. As the United States Supreme Court has repeatedly confirmed, statutory fee-shifting provisions permit individuals to obtain capable counsel for claims they could not finance hourly. "All of these civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain." *Cannon v. Univ. of Chicago,* 441 U.S. 677, 688 n.6 (1979) (quoting S. Rep. No.94-1011, p. 2 (1976)).

14. My current hourly rate, and the rate I use when evaluating the value of my time in complex litigation, is $800.00. I currently charge that rate to the clients of our law firm who pay by the hour, which typically accounts for approximately 25% of our firm's revenue. My $800 per hour rate was approved by Hon. Jerri J. Zhang on April 29, 2026, in Case No. 2516-CV21115, a case filed and prosecuted in the Circuit Court of Jackson County, Missouri, under the Missouri Human Rights Act.

15. Based on my experience, lawyers with substantial responsibility, uncommon trial skill, and demonstrated results in complex federal litigation command rates at or above the rates requested here.

16. Years in practice are relevant, but they are not the only measure of market value. Trial experience, specialized knowledge, responsibility for the case, efficiency, reputation, and results materially affect the rate that comparable work commands.

## IV. OPINIONS CONCERNING THE REQUESTED RATES AND HOURS

17. Mr. Keller declaration reflects a practice concentrated in consumer-protection litigation and jury trials, a significant volume of jury trials as lead counsel, repeated seven-figure verdicts, national teaching responsibilities, and unusual experience presenting technical statutory claims, emotional injury, willfulness, and punitive damages to juries.

18. Mr. Keller's record is extraordinary for any civil trial lawyer, regardless of years since admission.

19. The market value of his services is driven by his concentrated trial experience, his ability to assume responsibility for a developed case after summary judgment, his repeated results, and the scarcity of lawyers prepared to try individual consumer claims to verdict. In my opinion, $800 per hour is reasonable but below what Mr. Keller could reasonably command for his work.

20. Ms. Findsen seeks compensation at $675 per hour. She has approximately twenty-nine years of experience, substantial complex-litigation and consumer-financial-services experience, trial and appellate experience, and responsibility for developing this case through discovery and obtaining partial summary judgment on liability.

21. In my opinion, $675 per hour is reasonable for Ms. Findsen's work. The rate reflects her experience, her specialized FCRA practice, the responsibility she carried through summary judgment, and her continued work as trial co-counsel.

22. Based on my experience employing and working with litigation support professionals, the requested rate of $190 per hour for trial paralegal Brianna Frohman is reasonable for the substantive trial-support work described in Mr. Keller's declaration.

23. I reviewed Mr. Keller's and Ms. Findsen's time records. Their records reflect distinct responsibilities and substantial billing judgment. Ms. Findsen developed the case, handled discovery, and obtained summary judgment; Mr. Keller joined after summary judgment and assumed lead responsibility for trial preparation, strategy, and presentation.

24. The fact that Mr. Keller resides in North Carolina and practices with a firm based in Arizona does not make his services less valuable in this District. Ms. Findsen works with the same Arizona-based firm. This case establishes the need for specialized counsel from out-of-state.

25. The requested rate is supported by the Kansas City market for comparable complex federal litigation and by Mr. Keller's particular trial qualifications and responsibilities, as well as Ms. Findsen's significant experience.

26. The complete success obtained confirms the effectiveness of the work and weighs strongly against any reduction.

## V. CONCLUSION

27. Based on my more than forty years of litigation experience, my knowledge of the Kansas City legal market, my review of the declarations and time records, and counsel's respective qualifications, responsibilities, and results, it is my opinion that $800 per hour for Mr. Keller and

$675 per hour for Ms. Findsen are reasonable rates for the work performed. The hours reflected in their records are also reasonable in light of the case's duration, the division of responsibility, the jury trial, and the result obtained.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed this 23rd day of September, 2026, in Kansas City, Missouri.

Douglas L. Carter
Law Offices of Douglas L. Carter, P.C.
2600 Grand Boulevard, Suite 560
Kansas City, Missouri 64108
Tel: (816) 283-3500
Fax: (816) 283-3084