# EXHIBIT 6-A

Duran Keller

| Date | Hours | Description | Rate | Billable |
|---|---|---|---|---|
| 03/26/2026 | 3.4 | Trial preparation over Zoom with Marcelino Albuerne (and Beth Findsen). | 800 | 2720 |
| 03/26/2026 | 0.2 | Call with Beth Findsen. Discuss potential issues for trial, conflict waiver and items necessary to move forward. | 800 | 160 |
| 06/12/2026 | 0.3 | Review trial posture and upcoming pretrial deadlines in Albuerne/Jenkins v. Rent Recovery Solutions; confer with trial counsel regarding anticipated trial-preparation meeting, motions in limine, witness presentation, and overall case strategy. Analyze evidentiary issues unique to damages-only trial following liability rulings, including admissibility and use of defendant admissions, corporate testimony, and investigative conduct evidence. Evaluate factual and credibility issues arising from relationship dynamics between co-plaintiffs Marcelino Albuerne and Ruby Jenkins and potential impact on damages presentation, causation, and emotional-distress claims. Discuss key deposition testimony, identify need for targeted summaries of Rule 30(b)(6) and other critical witnesses, and coordinate preparation | 800 | 240 |
| 06/15/2026 | 2.6 | Review summary judgment order, chronology, deposition summaries, corporate representative testimony, dispute records, and collection call transcripts in preparation for Albuerne/Jenkins trial; analyze liability findings, evidentiary issues, punitive-damages theories, willfulness evidence, dispute-handling procedures, and damages presentation; identify strengths, weaknesses, motions in limine issues, witness examination themes, and trial strategy for upcoming trial-preparation conference. | 800 | 2080 |
| 06/15/2026 | 3.8 | Conduct comprehensive jury-trial preparation, including analysis of liability rulings, deposition testimony, dispute 'investigations,' collection communications, exhibits, pleadings (partial), trial order, Judge's rules concerning trial/decorum, and relevant local rules; develop witness examinations, evidentiary objections, motions in limine issues, jury-instruction concepts, punitive damages theories, deposition designation strategy, demonstrative evidence concepts, and detailed trial-preparation action plan addressing factual, legal, and evidentiary issues anticipated at trial. | 800 | 3040 |
| 06/15/2026 | 0.8 | Review and analyze trial team correspondence regarding witness preparation, exhibit stipulations, deposition designations, ACDV evidence, damages proof, trial representative issues, and anticipated evidentiary disputes; evaluate implications for trial strategy, motions in limine, jury instructions, and willfulness presentation; draft and circulate detailed trial-preparation email assigning responsibilities, identifying outstanding factual development, and coordinating pretrial tasks and deadlines among trial team members. | 800 | 640 |
| 06/18/2026 | 0.9 | Review and analyze correspondence from Beth Findsen and additional trial-preparation correspondence, damages summaries, deposition references, dispute chronology, ACDV history, and summary-judgment materials; identify supporting testimony and documentary evidence for economic damages, emotional distress, causation, willfulness, and punitive damages; evaluate witness examination topics, deposition designation targets, evidentiary foundations, and trial themes; update trial strategy and damages presentation plan based on case record and team communications. | 800 | 720 |
| 06/18/2026 | 1.5 | Continue comprehensive trial preparation, including review and analysis of known damages evidence, deposition summaries, dispute chronology, ACDV records, summary judgment materials, and trial team correspondence; identify key testimony obtained, exhibits, and evidentiary foundations supporting causation, emotional distress, credit denials, housing-related damages, willfulness, and punitive damages; refine witness examinations, deposition designation strategy, and overall trial presentation. | 800 | 1200 |
| 06/30/2026 | 0.5 | Participate in trial-preparation conference with co-counsel (Findsen) and litigation support team (Froman) regarding upcoming jury trial; review scheduling deadlines, witness and exhibit lists, deposition designation strategy, anticipated evidentiary disputes, motions in limine, jury instructions, trial representative issues, stipulations, authentication, and trial logistics; identify additional trial preparation tasks, direct development of exhibit directory and trial chronology, and formulate strategy for opening statement, witness examinations, and presentation of liability, willfulness, and damages evidence. | 800 | 400 |
| 07/01/2026 | 1.7 | Conduct comprehensive trial preparation by reviewing and synthesizing proposed trial exhibits into a master chronological trial timeline; analyze documentary evidence, dispute history, investigation sequence, credit reporting, collection activity, and damages evidence; evaluate exhibit organization, identify factual and evidentiary gaps, and develop the foundational chronology that will govern opening statement, witness examinations, and overall presentation of the case at trial. | 800 | 1360 |
| 07/08/2026 | 0.5 | Review, adapt, and revise proposed jury instructions from prior FCRA jury trial for use in Albuerne/Jenkins v. Rent Recovery Solutions; identify applicable pattern instructions, incorporate case-specific issues, and prepare model instructions addressing liability, willfulness, damages, and remaining trial issues. | 800 | 400 |
| 07/08/2026 | 0.9 | Conference with co-counsel regarding jury-trial preparation, deposition designation strategy, witness examinations, jury instructions, exhibit presentation, and upcoming pretrial deadlines; review Rule 30(b)(6) corporate representative testimony, discuss development of master examination document, explain methodology for converting deposition testimony into trial examinations, provide guidance regarding preservation of clean impeachment testimony and future deposition practices, assign remaining trial-preparation tasks, and coordinate completion of witness, exhibit, designation, and jury-instruction deadlines. | 800 | 720 |
| 07/08/2026 | 0.5 | Review and revise draft Rule 30(b)(6) corporate representative examination document; prepare redline illustrating organization, formatting, and preservation of deposition testimony for use in trial examinations; provide written guidance to co-counsel regarding preparation of master examination document and circulate sample jury instructions and prior trial materials to assist with ongoing trial preparation. | 800 | 400 |
| 07/11/2026 | 0.3 | Review and analyze defense counsel's communications regarding trial preparation, witness disclosures, exhibit stipulations, anticipated evidentiary objections, settlement posture, and damages defenses; evaluate implications for proof of willfulness, actual and punitive damages, expert testimony, and trial strategy; assess anticipated Rule 50 arguments and defense themes, and incorporate resulting strategy into ongoing preparation of trial presentation, witness examinations, and evidentiary plan. | 800 | 240 |
| 07/13/2026 | 2.1 | Conduct extensive trial preparation, including review and analysis of the Court's summary-judgment order, Defendant's newly filed witness/exhibit list, deposition designations, proposed jury instructions, Yasmin Appawu declaration, corporate policies, dispute records, ACDVs, and related trial exhibits; draft and finalize Plaintiffs' case-specific jury instructions addressing the issues remaining after summary judgment, FCRA negligence and willfulness, causation, actual and punitive damages, pre-existing conditions, and availability of punitive damages without an actual-damages award; research and incorporate supporting statutory and case authority; compare Plaintiffs' proposed instructions against Judge Robinson's standard civil instructions and identify duplicative instructions for removal; prepare case-specific verdict form and statement of the case consistent with the summary-judgment ruling. | 800 | 1680 |
| 07/15/2026 | 1.6 | Review Defendant's proposed jury instructions, exhibits, witness disclosures, and deposition designations; analyze proposed instructions for legal accuracy and conformity with governing FCRA law and prior summary judgment rulings; prepare detailed objections to jury instructions and exhibits, identify issues for meet-and-confer, coordinate deposition designation objections, and draft correspondence to opposing counsel addressing remaining pretrial issues and anticipated areas of agreement. | 800 | 1280 |
| 07/15/2026 | 0.5 | Conference with co-counsel regarding compliance with upcoming pretrial deadlines, including objections to proposed jury instructions, witness and exhibit disclosures, and deposition designations; analyze Defendant's proposed deposition designations, provide guidance regarding admissibility and evidentiary objections (including Defendant's inability to offer its own witness's deposition testimony absent a hearsay exception), discuss strategy for narrowing disputed issues through the meet-and-confer process, and coordinate completion of Plaintiffs' pretrial submissions. | 800 | 400 |
| 07/16/2026 | 0.3 | Review and analyze Defendant's proposed jury instructions, exhibit objections, witness disclosures, and deposition designations in preparation for Rule 51 meet-and-confer conference; identify legal and evidentiary objections, compare competing proposed instructions, develop negotiation strategy regarding stipulations, evidentiary issues, and proposed revisions, and prepare positions concerning anticipated motions in limine and trial presentation. | 800 | 240 |
| 07/16/2026 | 1.2 | Participate in extended meet-and-confer conference with defense counsel regarding proposed jury instructions, witness and exhibit lists, stipulations, deposition designations, anticipated evidentiary objections, authentication, causation, damages, willfulness, punitive damages, and proposed motions in limine; negotiate revisions to jury instructions, identify areas of agreement and disputed legal issues, and narrow matters requiring Court resolution before trial. | 800 | 960 |

| | | | | |
|---|---|---|---|---|
| 07/16/2026 | 0.9 | Revise and update Plaintiffs' proposed jury instructions following meet-and-confer conference; incorporate agreed revisions, refine liability, burden of proof, causation, willfulness, damages, punitive damages, and stipulation instructions, correct case-specific language, prepare updated operative instructions and filing materials, and draft explanatory language reflecting revisions made after conferring with Defendant. | 800 | 720 |
| 07/20/2026 | 3.8 | Reviewed and substantially revised multiple trial filings, including motions in limine, objections to Defendant's deposition designations, and objections to Defendant's proposed jury instructions; incorporated additional legal authority and refined evidentiary objections and trial positions concerning willfulness, damages, Safeco, advice-of-counsel, and nonparty/CRA blame-shifting issues.<br><br>Participated in extensive trial-preparation conference with co-counsel regarding motions in limine, deposition designations, jury instructions, trial strategy, and final pretrial issues; during co-counsel conferral, conferred with co-plaintiffs separately regarding trial positions and obtained consent to withdraw statutory-damages claims from jury consideration. | 800 | 3040 |
| 07/23/2026 | 1.8 | Prepare revised proposed motion for limited final pretrial conference and courtroom technology session; analyzed Court's recent pretrial order and trial procedures; refined requested relief and supporting grounds concerning motions in limine, jury instructions, deposition designations, witness presentation, and trial technology; conferred with co-counsel regarding remaining pretrial assignments, trial preparation, witness responsibilities, and scheduling; prepared correspondence concerning the joint jury-instruction process and trial logistics. | 800 | 1440 |
| 07/23/2026 | 0.3 | Conferred with co-counsel regarding the Court's order striking the parties' proposed jury instructions and verdict forms, revised joint-submission requirements, proposed final pretrial conference, motions in limine, deposition-designation issues, trial technology, and immediate pretrial assignments; developed plan for correspondence with opposing counsel and further trial-preparation filings. | 800 | 240 |
| 07/23/2026 | 1.7 | Reviewed case record, prior FCRA voir dire submissions, and Court-specific jury-selection procedures; analyzed case-specific juror bias and damages risks, including attitudes concerning alleged debt, repeated credit reporting, corporate procedures, prior liability determination, emotional-distress damages, separate claims of co-plaintiffs, and substantial civil awards; drafted and revised Plaintiffs' proposed voir dire questions; developed proposed witness order and division of trial responsibilities with co-counsel, including examinations of Albuerne, Jenkins, Coelho, Hollon, and Appawu. | 800 | 1360 |
| 07/23/2026 | 0.4 | Send correspondence to co-counsel regarding division of trial responsibilities, anticipated witness order, preparation and examination of expert and fact witnesses, potential cross-examination of Defendant's employee, proposed voir dire strategy, follow-up with opposing counsel concerning jury instructions, and preservation of the meet-and-confer record. | 800 | 320 |
| 07/27/2026 | 1.5 | Reviewed and analyzed Defendant's motion-in-limine positions and Plaintiffs' revised opposition; revised arguments concerning cross-bureau reporting, pre-violation evidence, lender-denial communications, authentication, hearsay, Rule 807, causation, and limiting instructions; reviewed counsel correspondence concerning joint jury instructions, verdict forms, proposed final pretrial conference, and Defendant's prior agreement to produce its corporate representative live for Plaintiffs' case-in-chief; conferred with co-counsel regarding final revisions and prepared follow-up correspondence addressing filing corrections | 800 | 1200 |
| 07/28/2026 | 0.2 | Reviewed defense counsel's settlement inquiry and related communications; conferred with co-counsel regarding Defendant's settlement posture, absence of a concrete offer, and outstanding pretrial positions requiring follow-up. | 800 | 160 |
| 07/29/2026 | 0.2 | Reviewed and analyzed communications among co-counsel and defense counsel concerning Defendant's settlement inquiry, anticipated settlement range, client authority, trial and appellate risk, unresolved witness-availability issues, and scheduling of further discussions with defense counsel. | 800 | 160 |
| 07/29/2026 | 0.4 | Conferred with Plaintiff Marcelino Albuerne on two occasions regarding settlement posture, risks and benefits of proceeding to jury trial, potential damages outcomes, appellate risk, attorneys' fees, and proposed settlement structure; answered client questions and obtained authority to resolve his claims. | 800 | 320 |
| 07/29/2026 | 0.1 | Conferred with co-counsel to confirm the remaining unresolved pretrial matters to be addressed with defense counsel, including availability of Defendant's corporate representative for Plaintiffs' case-in-chief and release of Plaintiffs' expert following completion of direct and cross-examination. | 800 | 80 |
| 07/29/2026 | 0.2 | Conducted meet-and-confer conference with defense counsel John Bedard regarding Defendant's prior representation that Christopher Coelho would be produced live at trial and available for Plaintiffs to call during their case-in-chief; explained Plaintiffs' reliance on that representation, requested immediate confirmation of Coelho's trial availability, and advised that Plaintiffs would seek prompt court intervention if Defendant withdrew or failed to confirm the agreement. Also requested agreement that Plaintiffs' expert, Douglas Hollon, be permitted to complete his testimony and be released without recall after full cross-examination, offered reciprocal treatment for any defense expert, discussed potential effect of unresolved witness issues on orderly trial preparation, and preserved Plaintiffs' intent to seek relief if necessary. Addressed defense counsel's request to explore settlement, declined to negotiate while material trial issues remained unresolved, and conditioned further settlement discussions on prompt answers to the | 800 | 160 |
| 07/29/2026 | 0.1 | Reviewed voicemail from defense counsel requesting return call concerning unresolved trial-witness and settlement matters; coordinated prompt response with co-counsel. | 800 | 80 |
| 07/29/2026 | 0.2 | Conferred with defense counsel John Bedard and co-counsel regarding unresolved trial-witness issues. Addressed Defendant's newly disclosed intent to move to exclude Plaintiffs' expert, Douglas Hollon; repeatedly requested the factual and legal basis for the anticipated motion, which defense counsel declined to provide; and challenged the resulting gamesmanship and prejudice to trial preparation. Obtained conditional representation that, if the exclusion motion is denied, Hollon may testify once, be fully cross-examined, and be released without recall. Also sought confirmation that Christopher Coelho would be produced and available for Plaintiffs to call during their case-in-chief; rejected Defendant's noncommittal statement that it merely "intends" to have him at trial and demanded clarification whether Defendant is withdrawing from its prior agreement. Declined to engage in settlement discussions while Defendant continued withholding answers to material trial-preparation issues and preserved Plaintiffs' right to seek | 800 | 160 |
| 07/29/2026 | 0.2 | Prepared detailed correspondence to defense counsel memorializing the parties' prior agreement concerning Christopher Coelho's live trial appearance and availability for Plaintiffs' case-in-chief; documented Plaintiffs' reliance, Defendant's subsequent refusal to provide unequivocal confirmation, and deadline for response before seeking expedited court relief. | 800 | 160 |
| 07/29/2026 | 0.4 | Researched and drafted Plaintiffs' Expedited Motion to Enforce Trial-Witness Agreement and Clarify Availability of Defendant's Rule 30(b)(6) Representative; developed factual chronology of counsel's agreement, Plaintiffs' reliance in limiting deposition designations and preparing trial presentation, repeated meet-and-confer efforts, and Defendant's noncommittal responses; requested enforcement of Coelho's availability for Plaintiffs' case-in-chief and alternative relief permitting supplemental deposition designations and use of Coelho's Rule 30(b)(6) testimony under Rule 32. | 800 | 320 |
| 07/30/2026 | 1.4 | Reviewed trial exhibits, account-history records, dispute documents, credit reports, denial evidence, deposition testimony, and corporate-representative testimony; prepared updated, detailed chronological timeline identifying material events, evidentiary significance, witness foundations, willfulness evidence, damages issues, and factual limitations for trial presentation. | 800 | 1120 |
| 07/30/2026 | 1.2 | Drafted detailed Plaintiffs' opening statement addressing payment evidence, direct disputes, CRA disputes, Rent Recovery's investigation process, willfulness, individualized damages, anticipated defenses, and punitive-damages themes. | 800 | 960 |
| 07/30/2026 | 0.7 | Revised opening statement to incorporate date-specific chronology, repeated consumer contacts, certified dispute materials, ACDV receipt and response dates, correction-or-deletion duties, claimed-verification framing, public-protection themes, and refined treatment of mortgage, housing, marital, and alternative-causation evidence. | 800 | 560 |
| 07/30/2026 | 0.7 | Consider damages scenarios, duration of harm, false 'verification' events, alternative damages scenarios and punitive damages and prepare initial notes for adapted damages methodology. | 800 | 560 |
| 07/30/2026 | 0.3 | Reviewed defense counsel's publicly stated debt-collection and FCRA industry experience; developed potential voir dire subjects and corporate-representative examination concerning industry sophistication, compliance resources, access to counsel and punitive-damages. | 800 | 240 |
| 07/30/2026 | 0.1 | Reviewed defense counsel's written confirmation concerning Christopher Coelho's full-trial attendance and availability during Plaintiffs' case-in-chief; advised trial team that expedited motion should not be filed and confirmed preservation of the agreement. | 800 | 80 |

| | | | | |
|---|---|---|---|---|
| 07/30/2026 | 0.3 | Conferred with David Chami regarding my plan, discussing settlement posture, trial risks and expected outcomes, client and firm valuation, punitive-damages exposure, trial-development objectives, expert-witness issue, settlement authority, confidentiality, and proposed negotiation range. | 800 | 240 |
| 07/30/2026 | 0.1 | Attempted telephonic settlement conference with defense counsel; left voicemail confirming availability and requesting prompt response within counsel's limited pre-hearing window. | 800 | 80 |
| 07/30/2026 | 0.3 | Reviewed defense counsel's email concerning settlement discussions and Defendant's prior $25,000 offer; analyzed response strategy and prepared reply addressing lack of current settlement authority, Defendant's nuisance-value posture, unresolved trial issues, and Plaintiffs' continued willingness to engage upon receipt of meaningful authority. | 800 | 240 |
| 07/30/2026 | 0.1 | Reviewed defense counsel's settlement correspondence regarding Plaintiffs' settlement posture | 800 | 80 |
| 07/30/2026 | 0.2 | Reviewed defense counsel's 8:05 p.m. email confirming availability and conducted settlement call conveying Plaintiffs' $750,000 total settlement offer, including mutual releases, confidentiality limited to the settlement amount, payment by check to Consumer Justice Law Firm within 15 days, and expiration of the offer at noon the following day. | 800 | 160 |
| 07/31/2026 | 0.2 | Reviewed defense counsel's email misstating Plaintiffs' settlement terms and prepared response correcting the scope of the mutual releases and limiting any confidentiality provision to the settlement amount. | 800 | 160 |
| 08/01/2026 | 8.2 | Prepared comprehensive trial direct-examination outlines for expert Douglas Hollon and Plaintiffs Marcelino Albuerne and Ruby Jenkins, incorporating witness testimony, expert materials, trial exhibits, dispute chronology, anticipated testimony, evidentiary issues, anticipated cross-examination, and redirect; revised Albuerne outline to add anticipated responses and refine automatic question numbering and trial | 800 | 6560 |
| 08/01/2026 | 0.3 | Conference with Beth Findsen regarding completed witness outlines, overall trial presentation and sequencing, remaining trial-preparation tasks, and counsel availability during the upcoming week. | 800 | 240 |
| 08/02/2026 | 4.6 | Revised and finalized direct-examination outlines for Ruby Jenkins, Douglas Hollon, and Marcelino Albuerne by converting leading questions to non-leading trial questions, implementing continuous automatic numbering, preserving and expanding anticipated testimony; reviewed structure, evidentiary cautions, anticipated cross-examination, and redirect. | 800 | 3680 |
| 08/05/2026 | 0.1 | Conference with client Marcelino Albuerne regarding anticipated trial testimony and preparation; client advised he would follow up for further discussion. | 800 | 80 |
| 08/05/2026 | 0.1 | Conference with Beth Findsen regarding outstanding trial-preparation needs and status of expert materials provided to Douglas Hollon. | 800 | 80 |
| 08/05/2026 | 0 | Conference with expert Douglas Hollon regarding anticipated testimony, qualifications, scope of opinions, trial expectations, and additional preparation to be completed.<br><br>[0.3h eliminated] | 800 | 0 |
| 08/05/2026 | 0.2 | Conferred with Marcelino Albuerne regarding anticipated testimony. | 800 | 160 |
| 07/24/2026 | 0.4 | Reviewed correspondence from co-counsel and analyzed working joint and Plaintiffs' separate proposed jury instructions for upcoming filing deadline, including agreed actual-damages and eggshell-plaintiff instructions and remaining disputed instructions concerning FCRA duties, causation, willfulness, and punitive damages; evaluated effect of agreed instructions on trial presentation and damages strategy. | 800 | 320 |
| 07/27/2026 | 0.8 | Reviewed Defendant Rent Recovery Solutions, LLC's omnibus opposition to Plaintiffs' motions in limine concerning Safeco/objectively reasonable interpretation, mitigation of damages, dispute notice and causation, limits on corporate-witness testimony, and emotional-distress evidence; analyzed Defendant's positions regarding willfulness, mitigation, ACDV-specific causation, scope of corporate testimony, and use of the absence of medical or expert proof to challenge emotional-distress damages, and evaluated implications for trial presentation and anticipated evidentiary objections. | 800 | 640 |
| 07/27/2026 | 0.5 | Reviewed and analyzed counsel correspondence concerning finalization of joint and separate proposed jury instructions and request for pretrial conference; assessed parties' agreements and remaining disputes, including Defendant's approval of joint instructions and its subsequent refusal to confirm prior agreement regarding live appearance and availability of Rule 30(b)(6) witness Christopher Coelho; evaluated implications for trial preparation, witness presentation, and remaining pretrial issues. | 800 | 400 |
| 07/29/2026 | 0.1 | Reviewed co-counsel's preliminary lodestar and fee estimate for purposes of settlement evaluation; analyzed time allocations, current fee exposure, and anticipated additional fees through trial in assessing settlement value and negotiation posture. | 800 | 80 |
| 07/31/2026 | 1.2 | Reviewed and analyzed Defendant's deposition designations for Ruby Jenkins, Marcelino Albuerne, and Rent Recovery's Rule 30(b)(6) witness Christopher Coelho to assess anticipated defense trial strategy; identified likely themes concerning willfulness, causation, mitigation, limited credit applications, emotional-distress proof, alternative causes of harm, and later credit/housing events; evaluated key admissions supporting Plaintiffs' case, including Rent Recovery's dispute procedures, reliance on PayReady, failure to contact Montane or Ruth White, treatment of repeated disputes, and lack of contemporaneous documentation, and developed responsive trial strategy. | 800 | 960 |
| 08/01/2026 | 0.8 | Reviewed and analyzed deposition-cited witness fact summaries for Marcelino Albuerne, Ruby Jenkins, Douglas Hollon, and Rent Recovery's Rule 30(b)(6) representative Christopher Coelho; synthesized testimony into trial themes concerning payment, notice, repeated disputes, investigation failures, willfulness, credit consequences, emotional distress, and causation, and evaluated how each witness supports | 800 | 640 |
| 08/03/2026 | 0.5 | Reviewed and analyzed co-counsel's master chronological trial table correlating key events, witness testimony, source materials, and exhibit numbers; integrated chronology with existing witness outlines and trial themes concerning payment, repeated disputes, Rent Recovery's investigation failures, credit reporting, damages, causation, and witness sequencing for use in opening, direct examination, adverse | 800 | 400 |
| 08/03/2026 | 0.3 | Reviewed and analyzed Rent Recovery Solutions' trial brief to assess Defendant's anticipated trial strategy regarding causation, timing of damages, negligence versus willfulness, Safeco/Llewellyn standards, and punitive damages; identified factual and evidentiary responses based on the post-ACDV chronology, documentary proof of payment, Coelho admissions, and resulting credit and emotional-distress damages, and refined Plaintiffs' trial themes and witness presentation accordingly. | 800 | 240 |
| 08/03/2026 | 0.3 | Reviewed and analyzed Defendant Rent Recovery Solutions' objections to Plaintiffs' proposed voir dire; evaluated objections concerning alleged argumentative, cumulative, commitment, and case-framing questions relating to debt disputes, credit reporting, civil lawsuits, prior liability rulings, willfulness, corporate procedures, emotional-distress damages, noneconomic damages, and juror attitudes toward companies and consumers; assessed proposed defense alternatives and implications for jury-selection strategy | 800 | 240 |
| 08/03/2026 | 0.1 | Reviewed Court's order sustaining Plaintiffs' objections to Defendant's deposition designations for Marcelino Albuerne, Ruby Jenkins, and Rent Recovery's Rule 30(b)(6) representative Christopher Coelho. | 800 | 80 |
| 08/06/2026 | 0.7 | Reviewed and analyzed consolidated transcripts of eleven Rent Recovery collection calls with Marcelino Albuerne; identified key excerpts demonstrating consistent dispute assertions, proof of payment, repeated cooperation and offers of documentation, certified-mail compliance, Rent Recovery's repeated reinvestigation representations, efforts to contact Montane, credit-related concerns, and escalating emotional distress, and evaluated strategic use of selected calls in witness examinations and trial presentation. | 800 | 560 |

| | | | | |
|---|---|---|---|---|
| 08/07/2026 | 14.8 | Conduct first comprehensive exhibit-by-exhibit trial-team preparation and integrate newly reviewed Rent Recovery written policies with account notes, recorded calls, ACDVs, and corporate testimony; direct trial team through exhibit sequencing and courtroom presentation while analyzing evidentiary significance and anticipated use of each exhibit; compare Rent Recovery account history notes against recorded collection calls to identify consistencies, omissions, escalation failures, dispute chronology, and willfulness evidence; conduct first-time detailed review and analysis of Rent Recovery's written compliance, consumer-dispute, reinvestigation, frivolous-dispute, reporting-hold, and PayReady procedures and integrate policy provisions with account-note and call evidence; work through chronological trial narrative, witness order, exhibit presentation, causation, damages, willfulness, and punitive-damages themes with trial team during working lunch; analyze Rent Recovery's $175,000 settlement offer and settlement posture; communicate offer to Marcelino Albuerne, obtain rejection and settlement authority; communicate offer with Ruby Jenkins and Beth Findsen; obtain settlement authority following Plaintiffs' rejection; confer by telephone with John Bedard regarding settlement, reject $175,000 offer, convey Plaintiffs' $725,000 counteroffer with no confidentiality and payment to Consumer Justice Law Firm within 15 days, advise that negotiations remain open but any resolution would need to be materially closer to Plaintiffs' position, and request prompt communication to client; prepare and deliver mock opening statement and refine opening themes based on exhibit and witness analysis; conduct mock adverse examination/cross-examination of Christopher Coelho and revise examination outline to incorporate Plaintiffs' exhibits, account-note entries, recorded calls, ACDVs, policies, and corporate-representative admissions; conduct extensive in-person trial-preparation session with Ruby Jenkins, including background, payment testimony, housing chronology, financial vulnerability, adverse-credit issues, anticipated defense impeachment, emotional-distress detail, marital-strain causation, chilling/lost-opportunity damages, CRA | 800 | 11840 |
| 08/08/2026 | 0.2 | Review and analyze Rent Recovery Solutions' Rule 408 settlement offer and proposed $200,000 Release of Claim; identify material settlement terms and deficiencies, including broad release, confidentiality/non-cooperation provisions, payment mechanics, dismissal obligations, and absence of payment deadline; communicate offer and settlement posture to trial team, direct prompt client consultation while continuing full trial preparation, and evaluate negotiation strategy in light of prior $175,000 offer, Plaintiffs' $725,000 counter, and defense demand that any further Plaintiffs' demand be below | 800 | 160 |
| 08/08/2026 | 12.5 | Conduct full in-person witness preparation of Marcelino Albuerne, focusing on direct examination, evidentiary foundations, damages, causation, mortgage evidence, and anticipated impeachment; explain anticipated trial procedure, witness sequence, evidentiary issues, defense themes, causation, willfulness, punitive damages, courtroom demeanor, non-leading direct examination, potential for refreshing recollection, exhibit authentication, and testifying from personal knowledge. Prepare and refine testimony concerning Marcelino's background, family history, employment, Navy Federal mortgage-loan-origination and Charles Schwab finance experience, public/community roles, relationship with Ruby Jenkins, Colorado/Bennett property plans, move to Kansas, cabin conditions, financial vulnerability, transportation limitations, and causation guardrails separating preexisting housing and marital problems from Rent Recovery's conduct.<br><br>Review and integrate key trial exhibits and chronology with Marcelino, including Montane move-out/payment evidence, cashier's check, Ruth White confirmation, March–July collection calls and certified dispute materials, repeated follow-up efforts, onset of credit reporting, July–October gap, Bennett property sale, and October CRA disputes. Develop streamlined testimony around repeated notice, cooperation, expectations that each new process would finally resolve the account, and escalating frustration when the same false debt remained. Prepare authentication and evidentiary foundations for CRA disputes and credit-report evidence, and identify follow-up issues concerning mailing proof, bureau-received copies, Bennett closing records, skilled-witness testimony, and hearsay/non-hearsay treatment of credit reports and adverse-action documents.<br><br>Inquire into and develop detailed damages and causation testimony beginning with the late-November 2023 post-investigation period, including Marcelino's November 22 credit check, November 27 Equifax/Experian reporting, TransUnion deletion, repeated credit monitoring, reputational harm, mortgage-related concerns, November 29 Navy Federal application, December 5 denial, and the effect of continued reporting on housing opportunities and hope. Notes for examination concerning information Marcelino shared: anxiety, loss of sleep, impaired concentration, isolation, weight gain, reduced exercise and hobbies, increased alcohol use, medication/anxiety issues, emotional deterioration, sensitive mental-health and suicidal-ideation history, painful memories, and marital deterioration, while carefully distinguishing preexisting conditions and independent causes and avoiding sole-causation overstatement.<br><br>Revised and refined Marcelino's direct-examination materials throughout the preparation session, replacing overly detailed or leading versions with a shorter, practical counsel-table roadmap organized by key dates, exhibits, transitions, damages moments, trial themes, and causation guardrails; convert substantive sections; preserve usable sequential numbering; and identify evidentiary and factual follow-up items for trial.<br><br>Separately analyze and prepare additional trial strategy concerning Marcelino's firsthand mortgage-lending knowledge, prior and later Navy Federal borrowing history, later mortgage evidence, emotional-effect use of credit reports, and corroborating testimony from Ruby Jenkins. | 800 | 10000 |
| 08/09/2026 | 13.1 | Conduct final mock examinations and refine trial examinations based upon witness preparation completed the prior day; conduct mock opening; prepare oral argument concerning remaining motions in limine<br><br>Conduct extensive in-person trial-preparation session with Plaintiff Marcelino Albuerne, including anticipated testimony, courtroom demeanor and control in light of difficult feelings, direct-examination sequencing, damages presentation, causation limitations, credit-reporting chronology, Navy Federal mortgage evidence, emotional-distress testimony, marriage/housing issues, prior mental-health history, and need to distinguish personal knowledge from what was heard; refine Marcelino's direct examination for simplification and focus on results-oriented questions, preserve the factual chronology while tightening examination in the interest of time and efficiency to counter Marcelino's naturally long answers, incorporate exhibits immediately before related testimony, add page/Bates references where available, and develop streamlined authentication foundation for the Navy Federal denial while preserving separate non-hearsay and Rule 807 theories.<br><br>Conduct and analyze additional mock opening statement, revising narrative structure and chronology concerning Rent Recovery's conduct, FCRA duties, $927.10 payment, Montane confirmation, Bennett property/cabin circumstances, March–July 2023 collection calls, direct dispute evidence, October CRA disputes, November 20 verification, November 22/27 credit-report review, Navy Federal mortgage denial, Ruby's later disputes, damages, willfulness, and punitive-damages themes; identify and correct factual/date issues, post-suit motive, and areas of necessary detail to support verdict; develop stronger late-November sequence and questions supporting cross-bureau causation reality.<br><br>Conduct extensive mock cross-examination and preparation of Christopher Coelho; revise and integrate principal Coelho cross with prior McGhee material while preserving examination sequence and automatic numbering; develop early critical admissions; incorporate Rent Recovery policies/procedures, account notes, PayReady communications, call recordings, ACDV responses, discovery admissions, interrogatory responses, pleadings, and prior corporate testimony; analyze and incorporate McGhee testimony identified by co counsel Beth Findsen concerning historical furnishing volume, 120–150 ACDVs per day, sub-four-minute dispute processing, deletion practices, client-only investigation model, contingency compensation, company growth, and prior conduct continuity; review RRS/Prescott public information, including revenue estimates, employee counts, contingency percentages, ownership-unit structure, proposed Coelho/Peta sale values, acquisition information, and considerations for damages.<br><br>Review and prepare for Rent Recovery's motion in limine and evidentiary issues, including other-bureau credit reports/disputes, inquiry logs/Credit Karma soft inquiries, pre-ACDV evidence, Navy Federal denial, and Capital One denial; analyze Plaintiffs' opposition, governing FCRA cross-bureau correction duties, Freeman, Casella, Eller, Llewellyn, Rule 401/403/105, Rule 901 authentication, Rule 801 non-hearsay purposes, Rule 807 residual exception, and current Tenth Circuit authority in Maccagnan v. Cherry Creek regarding effect on listener/decision-maker; prepare detailed oral-argument outline and streamlined pocket briefs identifying non-hearsay uses by document, including continued furnishing, duration, notice, knowledge, state of mind, emotional effect, subsequent conduct, mitigation, reputation, decision-maker context, and willfulness. | 800 | 10480 |

| | | | | |
|---|---|---|---|---|
| 08/10/2026 | 12.3 | Prepare for first day of jury trial by reviewing and analyzing notes and background information concerning the full prospective-juror panel; assess potential juror attitudes, occupational backgrounds, litigation experience, damages views, corporate-accountability concerns, and potential strike considerations. Meet with Marcelino Albuerne before court to prepare for trial, review anticipated testimony, courtroom procedure, and presentation issues; separately confer with Ruby Jenkins concerning trial preparation and anticipated testimony; continue witness and trial-preparation discussions while traveling to the courthouse. Arrive at courthouse approximately 8:15 a.m. and conduct final pretrial preparation, including organizing exhibits, confirming correct witness examination outlines, and preparing materials for use during voir dire and opening statements.<br><br>Appear for and participate in pretrial proceedings addressing the parties' motions in limine and Defendant's objections to Plaintiffs' proposed voir dire. Analyze and memorialize the Court's evidentiary rulings, including rulings concerning credit reports, pre-violation evidence, Navy Federal mortgage-denial evidence, Capital One denial evidence, mitigation, CRA fault/blame-shifting, advice of counsel, attorney fees/costs/insurance/collectability, Rule 30(b)(6) testimony, emotional-distress proof, and other evidentiary limitations applicable during trial. Address Defendant's challenges to Plaintiffs' proposed voir dire questions; Court overrules substantially all such objections and permits Plaintiffs to proceed with the principal areas of inquiry.<br><br>Participate in jury selection following the Court's initial voir dire. Conduct extensive voir dire on behalf of Plaintiffs, including questioning concerning attitudes toward civil lawsuits, debt collectors, emotional-distress damages, absence of medical treatment, substantial and punitive damage awards, corporate accountability, credit reporting, personal responsibility for debt, and ability to follow the Court's instructions; maintain contemporaneous notes regarding each juror's responses, demeanor, background, and potential suitability. Observe and analyze Defendant's voir dire conducted by Joshua Dickinson, including juror responses concerning zero damages, proof of emotional distress, aggravation of preexisting harm, substantial verdicts, proof requirements, corporate financial condition, and ability to deliberate; participate in strike analysis and jury selection.<br><br>Conduct working lunch while continuing trial preparation. Following lunch, deliver Plaintiffs' opening statement, using the refined trial narrative previously developed concerning Rent Recovery's credit-reporting conduct, Plaintiffs' payment and disputes, the Court's prior liability ruling, continued reporting, resulting harm, willfulness, and punitive damages. Observe and analyze opening statement delivered for Rent Recovery by Jonathan Aust.<br><br>Call Christopher Coelho as Plaintiffs' first witness and conduct adverse examination concerning Rent Recovery's policies, investigation procedures, dispute handling, communications, account records | 800 | 9840 |
| 08/10/2026 | 1 | Conduct working dinner with Plaintiffs Marcelino Albuerne and Ruby Jenkins and co-counsel Beth Findsen for approximately 1 hour 30 minutes (discounted to 1.0 in billing discretion); discuss anticipated sequence and substance of each Plaintiff's testimony, first with Marcelino and then Ruby, while jointly addressing overlapping factual issues, trial themes, chronology, damages testimony, credibility considerations, and courtroom presentation; answer questions and continue preparing both Plaintiffs for their forthcoming examinations.<br><br>Answering questions from clients, review events and developments from the first day of trial, including jury selection, opening statements, evidentiary rulings, and testimony presented to date. | 800 | 800 |
| 08/11/2026 | 9.7 | Begin trial preparation at approximately 7:20 a.m.; review testimony and evidentiary developments from prior trial day, revise and organize Christopher Coelho examination outline, prepare remaining examination subjects and exhibits, and assess anticipated defense examination and evidentiary issues. Travel to and appear for trial; complete examination of Christopher Coelho concerning Rent Recovery's dispute procedures, FCRA compliance practices, direct versus indirect disputes, treatment of allegedly frivolous disputes, ACDV processing, account records, communications with Montane/PayReady, prior compliance practices, corporate knowledge, and related willfulness issues; address objections and issues arising from Defendant's examination of Coelho, including testimony concerning purported FCRA requirements, dispute-response timing, industry practices, policy changes, prior Rent Recovery practices, and potential rebuttal testimony. Prepare for and conduct direct examination of Plaintiff Marcelino Albuerne concerning personal and professional background, Navy Federal experience, Montane tenancy and payment, cashier's-check evidence, communications with Ruth White, Rent Recovery collection activity and direct disputes, CRA disputes and credit reporting, Navy Federal mortgage denial, emotional-distress and aggravation damages, housing and marital circumstances, and related causation issues. Monitor and take contemporaneous notes during Defendant Jonathan Aust's cross-examination of Albuerne, identify testimony requiring rehabilitation or clarification on redirect, and revise examination outline throughout trial. Confer separately with Marcelino Albuerne and Ruby Jenkins during court recesses regarding trial developments, anticipated testimony, evidentiary issues, and strategy for remaining presentation; continue preparing forthcoming witness examinations and exhibits during breaks. Trial proceedings continued through approximately 5:00 p.m., with Defendant in the midst of cross-examining | 800 | 7760 |
| 08/11/2026 | 0.4 | Speak with potential rebuttal testimony with Douglas A. Hollon. Confer with Hollon concerning FCRA furnisher practices, industry standards applicable to direct and indirect consumer disputes, ACDV investigation procedures, treatment of repetitive or allegedly frivolous disputes, dispute-processing deadlines and operational practices, documentation and escalation standards, and other compliance subjects potentially relevant to rebuttal testimony. Carefully avoid disclosing testimony given by trial witnesses or otherwise coaching Hollon concerning the substance of testimony already presented; instead review independently applicable industry practices, standards, and opinions within his disclosed expertise to determine subjects that could properly respond to matters placed at issue during Defendant's case. | 800 | 320 |
| 08/11/2026 | 0.3 | Prepare and revise redirect examination of Marcelino Albuerne following Defendant's cross-examination. Review contemporaneous cross-examination notes and identify issues requiring clarification or rehabilitation, including documents provided to Rent Recovery, later-obtained cashier's-check image, contents and preservation of March 2023 dispute package, attorney-assisted CRA dispute letters and date typo, prior mental-health history and aggravation of existing symptoms, medical-treatment issues, independent marital and financial stressors, credit-card balances and other credit history, Navy Federal employment and mortgage denial, and distinction between preexisting difficulties and damages caused or aggravated by Rent Recovery's conduct. Draft concise, non-leading, plain-language redirect questions and anticipated testimony designed to answer defense themes without repeating direct examination. | 800 | 240 |
| 08/11/2026 | 1 | Working dinner conference with Marcelino Albuerne, Ruby Jenkins, and co-counsel regarding ongoing jury trial. Discuss testimony presented to date, Defendant's developing trial themes and strategy, subjects and admissions Defendant attempted to establish through cross-examination, credibility and causation issues, anticipated remaining testimony, redirect strategy, potential defense evidence, and plan for completing Plaintiffs' presentation and responding to Defendant's case. (Reduced to 1.0h) | 800 | 800 |
| 08/11/2026 | 1.7 | Review Court's proposed final jury instructions against Plaintiffs' proposed instructions; analyze omissions and revisions concerning substantial-factor causation, multiple contributing causes, aggravation of preexisting conditions, emotional-distress proof, negligence, willfulness, inaccurate reporting, industry custom, statutory damages, and punitive damages; prepare chambers-oriented proposed edits with precise replacement language and supporting FCRA and Tenth Circuit authority. Analyze whether the Court's prior liability ruling establishes negligence as the minimum level of culpability and research authorities concerning the relationship between proven FCRA violations, negligence, and willfulness. Review and revise proposed jury-instruction edit sheet for submission to chambers. Research and analyze admissibility and timing of Douglas A. Hollon's expert testimony following Christopher Coelho's trial testimony concerning FCRA requirements, direct and indirect disputes, allegedly frivolous disputes, response timing, investigation practices, and industry standards; review Rule 611, Rule 37(c)(1), and rebuttal authorities; distinguish prior exclusion based on witness-list omission from undisclosed-expert cases; prepare and revise short brief seeking permission to reopen Plaintiffs' case for narrowly responsive Hollon testimony, with alternative request to reserve Hollon for rebuttal following Defendant's case. Continue preparation for remaining trial testimony, evidentiary issues, and anticipated defense presentation. | 800 | 1360 |
| 08/12/2026 | 9.5 | Prepare for and participate in jury trial, including review and refinement of witness examinations, exhibits, evidentiary issues, damages proof, and anticipated jury-instruction issues; prepare for examination of Rent Recovery witnesses and issues concerning investigation procedures, dispute handling, e-OSCAR responses, supporting documentation, escalation practices, and verification of disputed account; conduct cross-examination of Yasmin Appawu regarding Rent Recovery's investigation and compliance procedures, including staffing and responsibilities, failure to contact client, use of prepopulated dispute responses, review of consumer-submitted documentation, timing of escalation, handling of client correspondence, and continued verification of disputed account; address evidentiary and rebuttal-witness issues concerning Douglas Hollon and proposed testimony responding to Coelho's industry-practice testimony; participate in argument concerning whether Hollon could be presented in rebuttal and preserve Plaintiffs' position concerning reopening of case/rebuttal evidence; prepare for and participate in jury-instruction conference, including argument concerning disputed instructions, identification and preservation of objections to Court's proposed instructions, incorporation of previously asserted objections, and review of Court's rulings concerning final instructions; confer with trial team regarding rulings, remaining proof, damages presentation, closing themes, and preparation for final argument; attend trial proceedings through recess and departure from courthouse at approximately 5:00 p.m. | 800 | 7600 |

| | | | | |
|---|---|---|---|---|
| 08/12/2026 | 0.3 | Confer with clients and trial team following trial regarding proceedings and evidence presented, Court rulings, remaining trial issues, damages, anticipated closing argument, and next steps in preparation for submission of case to jury. | 800 | 240 |
| 08/12/2026 | 2.6 | Prepare and refine closing argument following trial, including development of actual- and punitive-damages presentation; organization, sequencing, and delivery of closing damages argument and response to anticipated defense contentions. | 800 | 2080 |
| 08/12/2026 | 1.4 | Continue preparation and refinement of closing argument for jury trial; develop and revise damages presentation concerning duration of Defendant's conduct, separate Marcelino and Ruby punitive-damages figures, $927.10 disputed-debt amount; analyze final seated jury and voir dire responses juror-by-juror to identify likely decision-making frameworks, damages concerns, willfulness considerations, and closing themes of Plaintiffs, and availability of zero damages; develop responsive closing themes and methods to preempt anticipated defense attacks on Plaintiffs' per-day damages framework and punitive-damages | 800 | 1120 |
| 08/13/2026 | 5.7 | Prepare for and participate in final phase of jury trial, including review and refinement of closing argument, damages presentation, demonstratives, anticipated defense themes, juror-specific persuasion points, and rebuttal; appear in court for final proceedings and review/read-through of Court's jury instructions; deliver Plaintiffs' closing argument addressing willfulness, causation, actual damages, punitive damages, Rent Recovery's investigation procedures, continuing defense of its conduct, duration of harm, and separate damages requests for Marcelino Albuerne and Ruby Jenkins; observe and analyze Defendant's closing argument by Jonathan Aust concerning timing, causation, preexisting harm, credit-denial proof, willfulness, and punitive damages; prepare and deliver rebuttal responding to Defendant's arguments and reinforcing aggravation/exacerbation, corporate accountability, broken investigation process, punitive-damages purpose, and jury's role in effectuating change; remain in court through completion of final | 800 | 4560 |
| 08/13/2026 | 4.3 | Remain available at and near courthouse during jury deliberations as directed by Court following submission of case to jury; remain prepared to return immediately for jury questions, additional instructions, verdict proceedings, or other trial matters; confer with trial team regarding closing arguments, anticipated jury issues, potential verdict outcomes, and response to any questions or developments; return to courtroom upon Court's 4:53 p.m. notification, attend proceedings concerning continuation of deliberations, and remain through Court's overnight admonition and release of jury at approximately 4:57 p.m., with deliberations scheduled to resume at 9:30 a.m. the following morning. | 800 | 3440 |
| 08/14/2026 | 1.6 | Remain available at courthouse as directed by Court while jury resumed deliberations; confer with trial team regarding anticipated verdict and post-verdict issues; attend return of jury and announcement of verdict awarding each Plaintiff $150,000 in actual damages and $500,000 in punitive damages based upon findings of willful FCRA violations; Defendant requested poll of jury and each juror confirmed this was his or her verdict; following discharge of jury, request that Court enter judgment on jury's verdict and address timing/procedure for post-trial proceedings, with Court advising that post-trial matters would | 800 | 1280 |
| 08/14/2026 | 0.5 | Travel from courthouse to airport following completion of jury-trial proceedings and await scheduled flight. (0.9h reduced to 0.5h due to being pure travel) | 800 | 400 |
| 08/14/2026 | 1.4 | Begin preparation for statutory attorney-fee application following favorable jury verdict; identify and contact potential attorneys to provide market-rate affidavits and research additional qualified practitioners familiar with prevailing rates for specialized federal consumer and trial counsel; review Judge Julie Robinson's prior attorney-fee decisions addressing prevailing market, reasonable hourly rates, specialization, trial experience, quality of representation, contingency risk, and results obtained; analyze Fox v. Pittsburg State University, Bahnmaier v. Wichita State University, and related District of Kansas authority; develop arguments supporting arguments and research concerning successful jury-trial experience, scarcity of comparable consumer protection counsel and trial counsel, Kansas City metropolitan market evidence, and Defendant's retention of specialized out-of-state trial counsel. | 800 | 1120 |
| 08/14/2026 | 2.2 | Travel following completion of substantive in-flight attorney-fee work, including remainder of flight to Atlanta, connecting travel from Atlanta to Raleigh-Durham, and ground travel from Raleigh-Durham airport to home following completion of jury trial. (5.4h reduced to 2.2h due to work on other matter for 0.9h during layover and half-time for remainder of pure travel time). | 800 | 1760 |
| 08/16/2026 | 0.8 | Supplement prior fee-application analysis; review and revise draft memorandum supporting Plaintiffs' statutory attorney-fee application following jury verdict; analyze additional federal fee-shifting authorities concerning current market rates, specialized trial expertise, prior fee determinations, contingency representation, recoverable litigation expenses, and compensation for trial-related work; incorporate additional Supreme Court and federal authority, including Missouri v. Jenkins, addressing current rates and recoverable expenses; refine argument supporting reasonable market rates based upon FCRA specialization, federal jury-trial experience, prevailing Kansas City market, and supporting practitioner declarations; identify and address anticipated objections; prepare revised draft for co-counsel and briefing-team review. | 800 | 640 |
| 07/13/2026 | 5.4 | Confer with defense counsel Jonathan Aust at 11:30 a.m. Pacific regarding jury instructions, trial witnesses, deposition designations, and exhibit stipulations, including counsel's refusal to exchange or substantively confer regarding Defendant's separately prepared instructions.<br><br>Following conferral, draft and revise Plaintiffs' D. Kan. Rule 51.1 explanation documenting the parties' communications, Plaintiffs' repeated conferral efforts, Defendant's deadline-day disclosures, and the reason a joint instruction submission could not be prepared.<br><br>Review Defendant's belated exhibit stipulations, determine the remaining disputed exhibits, and prepare an exhibit-by-exhibit evidentiary plan addressing authentication, hearsay exceptions, business and consumer-reporting records, party admissions, and witness foundations; revise witness disclosures concerning live production of Coelho and Appawu and Plaintiffs' reliance on defense counsel's | 800 | 4320 |
| 08/25/2026 | 1.2 | Review and analyze co-counsel's time records for statutory fee application to maximize billing judgment; identify entries warranting clarification or reduction; prepare detailed correspondence directing reductions that eliminated or reduced more than $8,000 in otherwise billable attorney time. | 800 | 960 |
| 08/27/2026 | 1.3 | Review and audit updated attorney and paralegal time records for statutory fee application; compare entries across timekeepersto identify potential duplication, clerical work, and entries requiring reduction or clarification; develop timekeeper-specific billing-judgment reductions, resulting in voluntary exclusion of more than $3,500 in additional recorded time for presentation to litigation team and final lodestar determination. | 800 | 1040 |

| | | | | |
|---|---|---|---|---|
| 08/27/2026 | 0.3 | Conference with litigation team regarding statutory fee application; review timekeeper-specific billing entries and hourly rates; identify and direct voluntary reductions and corrections to eliminate potential duplication and clerical time; establish billing-judgment treatment of overlapping trial-preparation work; address final lodestar calculation, expenses, supporting evidence, and revisions necessary for fee consultation and initial motion. | 800 | 240 |
| 08/28/2026 | 0.7 | Review revised time records following litigation-team billing audit; verify implementation of agreed voluntary reductions and corrected hourly rates; analyze D. Kan. Rules 54.1 and 54.2 and governing authority distinguishing taxable costs from related nontaxable litigation expenses; review expense-recovery procedure; revise initial Rule 54(d)(2) motion to state current fair estimate, preserve continuing fee-application work, separate taxable costs from nontaxable expenses, and conform requested relief to local procedure and final audited lodestar. | 800 | 560 |
| 08/28/2026 | 0.2 | Confer with defense counsel pursuant to D. Kan. Rule 54.2 regarding statutory fee, expense, and cost request; present current fair estimate and seek agreement; discuss Defendant's position concerning entitlement, lodestar review, rates and hours, and potential resolution; confirm satisfaction of consultation requirement; address conflict-check information needed for prospective market-rate declarants; discuss Defendant's proposal to explore global resolution of judgment and fees and request concrete settlement proposal and supporting basis. | 800 | 160 |
| 08/28/2026 | 0.2 | Review and revise Rule 54 fee motion following required consultation with defense counsel; incorporate consultation participants, positions, and Defendant's confirmation that Plaintiffs satisfied the meet-and-confer requirement; verify and add statutory bases for recovery under 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); refine current fair-estimate language and treatment of attorneys' fees, nontaxable litigation expenses, and taxable costs; review motion for compliance with Fed. R. Civ. P. 54 and D. Kan. Rules 54.1 and 54.2. | 800 | 160 |
| 07/13/2026 | 0.6 | Prepare Appawu adverse examination addressing her declaration and the absence of any genuine dispute investigation, and supplement Coelho's corporate examination concerning Appawu's conduct, policy violations, contradictory evidence, recordkeeping, and willfulness; review and prepare necessary corporate deposition designations and coordinate the resulting trial presentation. | 800 | 480 |
| | | | | |
| TOTAL | 168 | | | 134,400 |