# EXHIBIT 11

Case 5:24-cv-04043-JAR Document 171 Filed 08/14/25 Page 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARCELINO ALBUERNE and RUBY JENKINS,<br><br>Plaintiffs,<br><br>v.<br><br>RENT RECOVERY SOLUTIONS, LLC,<br><br>Defendant. | Case No. 5:24-cv-04043-JAR |

## VERDICT FORM

**QUESTION 1:**

What amount, if any, of actual damages do you assess concerning Defendant's conduct towards Marcelino Albuerne?

Amount: $150,000

Please proceed to QUESTION 2.

**QUESTION 2:**

In relation to its conduct towards Marcelino Albuerne, did Defendant act willfully?

Select one option, not both: ☒ YES ☐ NO

If you answered YES to QUESTION 2, proceed to QUESTION 3.

If you answered NO to QUESTION 2, skip ahead to QUESTION 4.

**QUESTION 3:**

What amount, if any, of punitive damages do you assess concerning Defendant's willful conduct towards Marcelino Albuerne?

Amount: $500,000

If you answered QUESTION 3, please proceed to QUESTION 4.

**QUESTION 4:**

What amount, if any, of actual damages do you assess concerning Defendant's conduct towards Ruby Jenkins?

Amount: $150,000

Please proceed to QUESTION 5.

**QUESTION 5:**

In relation to its conduct towards Ruby Jenkins, did Defendant act willfully?

Select one option, not both: ☑ YES ☐ NO

If you answered YES to QUESTION 5, proceed to QUESTION 6.

If you answered NO to QUESTION 5, you are DONE answering questions. Jury foreperson please sign and date this Verdict Form below

**QUESTION 6:**

What amount, if any, of punitive damages do you assess concerning Defendant's willful conduct towards Ruby Jenkins?

Amount: $500,000

The jury foreperson must sign and date this Verdict Form below.

8/14/24
Date

Foreperson

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

FABIAN HUIZAR,

Plaintiff,

v.

HORIZON BANK,

Defendant.

Civil Case No. 4:22-cv-00060

Hon. Philip P. Simon

# JURY VERDICT

## Question 1

Did Mr. Huizar prove by a preponderance of the evidence that Horizon Bank negligently failed to comply with the Fair Credit Reporting Act after receiving notice of a dispute?

☒ YES ☐ NO

If you answered NO, please STOP and sign the verdict form. No further questions need to be answered. If you answered YES to Question #1, please answer Question #2.

## Question 2

What amount, if any, do you assess for actual damages?

$ 365,000

## Question 3

Did Mr. Huizar prove by a preponderance of the evidence that Horizon Bank willfully violated any duty imposed by the Fair Credit Reporting Act after receiving notice of a dispute?

☒ YES ☐ NO

If you answered NO to Question #3, please STOP and sign the verdict form. No further questions need to be answered. If you answered YES to Question #3, please answer Question #4.

**Question 4**

What amount of punitive damages, if any, do you assess?

$ 2,500,000

Sign the verdict form.

**Signed by all Jurors this 24 day of June, 2026:**

Ex. 2

STATE OF INDIANA ) IN THE VIGO CIRCUIT COURT
)
COUNTY OF VIGO ) CASE: 84D06-2202-CT-000706

EDWARD STEWART )
Plaintiff, )
)
V. )
)
ABSOLUTE RESOLTUIONS )
INVESTMENTS, LLC )
Defendant. )

FILED
VIGO COUNTY SUPERIOR COURT
APR 23 2026
LeAnna Moore
CLERK

**VERDICT**

As to the FCRA, we find Defendant (check one):

✓ Liable

________ Not Liable

We, the Jury, find that Defendant Absolute Resolutions Investments, LLC. willfully or recklessly violated the FCRA (check one).

✓ Willful/Reckless

________ Not Willful/Reckless

We, the Jury, award damages, for violation and/or of the FDCPA and/or FCRA if any, against Defendant as follows:

$ Ø actual damages (FDCPA and FCRA)

$ 1,825,000.00 punitive damages (FCRA only)

$ 320,000 statutory damages (FDCPA only)

4/23/26
Date

Alexa Kirchoff #3095
Foreperson

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BRUCE SCUDDER,

Plaintiff,

Case No. 3:21-cv-741-TJC-JBT

v.

SOFI LENDING CORP, LVNV FUNDING, LLC, and RESURGENT CAPITAL SERVICES L.P.,

Defendants.

---

# VERDICT

We, the Jury, return the following verdict:

## Fair Credit Reporting Act

### SoFi Lending Corporation

1. Did Bruce Scudder prove by a preponderance of the evidence that SoFi Lending Corporation violated the Fair Credit Reporting Act?

YES __X__ NO ____

If your answer to question 1 is "no," your verdict is for SoFi Lending Corporation. Skip questions 2 to 4 and proceed to question 5.

2. Do you find that SoFi Lending Corporation's violation of the Fair Credit Reporting Act was negligent or willful?

NEGLIGENT __X__ WILLFUL ____

3. Did Bruce Scudder prove by a preponderance of the evidence that SoFi Lending Corporation's violation of the Fair Credit Reporting Act caused him actual damages?

YES X NO ____

If your answer to question 3 is "yes," award actual damages here. If you find that SoFi Lending Corporation proved by a preponderance of the evidence that Bruce Scudder failed to mitigate his damages, reduce the award by the amount he failed to mitigate.

$ 30,000

If you find that SoFi Lending Corporation's violation of the Fair Credit Reporting Act was negligent, skip question 4.

4. Do you find that Bruce Scudder is entitled to punitive damages for SoFi Lending Corporation's violation of the Fair Credit Reporting Act?

YES ____ NO X

If your answer to question 4 is "yes," award the punitive damages that Bruce Scudder has proved he is entitled to by a preponderance of the evidence here:

$____________

## LVNV Funding LLC

5. Did Bruce Scudder prove by a preponderance of the evidence that LVNV Funding LLC violated the Fair Credit Reporting Act?

YES X NO ____

If your answer to question 5 is "no," your verdict is for LVNV Funding LLC. Skip questions 6 to 8 and proceed to question 9.

6. Do you find that LVNV Funding LLC's violation of the Fair Credit Reporting Act was negligent or willful?

NEGLIGENT X WILLFUL ____

7. Did Bruce Scudder prove by a preponderance of the evidence that LVNV Funding LLC's violation of the Fair Credit Reporting Act caused him actual damages?

YES _____ NO __X__

If your answer to question 7 is "yes," award actual damages here. If you find that LVNV Funding LLC proved by a preponderance of the evidence that Bruce Scudder failed to mitigate his damages, reduce the award by the amount he failed to mitigate.

$______________

If you find that LVNV Funding LLC's violation of the Fair Credit Reporting Act was negligent, skip question 8.

8. Do you find that Bruce Scudder is entitled to punitive damages for LVNV Funding LLC's violation of the Fair Credit Reporting Act?

YES _____ NO _____

If your answer to question 8 is "yes," award the punitive damages that Bruce Scudder has proved he is entitled to by a preponderance of the evidence here:

$______________

## Resurgent Capital Services L.P.

9. Did Bruce Scudder prove by a preponderance of the evidence that Resurgent Capital Services L.P. violated the Fair Credit Reporting Act?

YES __X__ NO _____

If your answer to question 9 is "no," your verdict is for Resurgent Capital Services L.P. Skip questions 10 to 12 and proceed to question 13.

10. Do you find that Resurgent Capital Services L.P.'s violation of the Fair Credit Reporting Act was negligent or willful?

NEGLIGENT __X__ WILLFUL _____

11. Did Bruce Scudder prove by a preponderance of the evidence that Resurgent Capital Services L.P.'s violation of the Fair Credit Reporting Act caused him actual damages?

YES ____ NO _X_

If your answer to question 11 is "yes," award actual damages here. If you find that Resurgent Capital Services L.P. proved by a preponderance of the evidence that Bruce Scudder failed to mitigate his damages, reduce the award by the amount he failed to mitigate.

$______________

If you find that Resurgent Capital Services L.P.'s violation of the Fair Credit Reporting Act was negligent, skip question 12.

12. Do you find that Bruce Scudder is entitled to punitive damages for Resurgent Capital Services L.P.'s violation of the Fair Credit Reporting Act?

YES ____ NO ____

If your answer to question 12 is "yes," award the punitive damages that Bruce Scudder has proved he is entitled to by a preponderance of the evidence here:

$______________

## Fair Debt Collection Practices Act

### LVNV Funding LLC

13. Did Bruce Scudder prove by a preponderance of the evidence that LVNV Funding LLC violated the Fair Debt Collection Practices Act?

YES _X_ NO ____

If your answer to question 13 is "no," skip questions 14 and 15 and proceed to question 16.

14. Did LVNV Funding LLC prove by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error?

YES ____ NO _X_

If your answer to question 14 is "yes," skip question 15 and proceed to question 16.

15. Did Bruce Scudder prove by a preponderance of the evidence that LVNV Funding LLC's violation of the Fair Debt Collection Practices Act caused him actual damages?

YES _____ NO __X__

If your answer to question 15 is "yes," what is the total amount of actual damages LVNV Funding LLC's violation of the Fair Debt Collection Practices Act caused Bruce Scudder?

$ __________

**<u>Resurgent Capital Services L.P.</u>**

16. Did Bruce Scudder prove by a preponderance of the evidence that Resurgent Capital Services L.P. violated the Fair Debt Collection Practices Act?

YES __X__ NO _____

If your answer to question 16 is "no," skip questions 17 and 18 and proceed to question 19.

17. Did Resurgent Capital Services L.P. prove by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error?

YES _____ NO __X__

If your answer to question 17 is "yes," skip question 18 and proceed to question 19.

18. Did Bruce Scudder prove by a preponderance of the evidence that Resurgent Capital Services L.P.'s violation of the Fair Debt Collection Practices Act caused him actual damages?

YES _____ NO __X__

If your answer to question 18 is "yes," what is the total amount of actual damages Resurgent Capital Services L.P.'s violation of the Fair Debt Collection Practices Act caused Bruce Scudder?

$ __________

## Florida Consumer Collection Practices Act

### LVNV Funding LLC

19. Did Bruce Scudder prove by a preponderance of the evidence that LVNV Funding LLC violated the Florida Consumer Collection Practices Act?

YES __X__ NO ____

If your answer to question 19 is "no," skip questions 20 to 22 and proceed to question 23.

20. Did LVNV Funding LLC prove by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error?

YES ____ NO __X__

If your answer to question 20 is "yes," skip questions 21 to 22 and proceed to question 23.

21. Did Bruce Scudder prove by a preponderance of the evidence that LVNV Funding LLC's violation of the Florida Consumer Collection Practices Act caused him actual damages?

YES ____ NO __X__

If your answer to question 21 is "yes," what is the total amount of actual damages LVNV Funding LLC's violation of the Florida Consumer Collection Practices Act caused Bruce Scudder?

$ __________

22. Do you find that Bruce Scudder is entitled to punitive damages for

LVNV Funding LLC's violation of the Florida Consumer Collection Practices Act?

YES X NO ____

If your answer to question 22 is "yes," award the punitive damages that Bruce Scudder has proved he is entitled to by a preponderance of the evidence here:

$ 15,000

**Resurgent Capital Services L.P.**

23. Did Bruce Scudder prove by a preponderance of the evidence that Resurgent Capital Services L.P. violated the Florida Consumer Collection Practices Act?

YES X NO ____

If your answer to question 23 is "no," skip questions 24 to 26.

24. Did Resurgent Capital Services L.P. prove by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error?

YES ____ NO X

If your answer to question 24 is "yes," skip questions 25 and 26.

25. Did Bruce Scudder prove by a preponderance of the evidence that Resurgent Capital Services L.P.'s violation of the Florida Consumer Collection Practices Act caused him actual damages?

YES ____ NO X

If your answer to question 25 is "yes," what is the total amount of actual damages Resurgent Capital Services L.P.'s violation of the Florida Consumer Collection Practices Act caused Bruce Scudder?

$ ____________

26. Do you find that Bruce Scudder is entitled to punitive damages for Resurgent Capital Services L.P.'s violation of the Florida Consumer Collection Practices Act?

YES X NO ____

If your answer to question 26 is "yes," award the punitive damages that Bruce Scudder has proved he is entitled to by a preponderance of the evidence here:

$ 15,000

*After you have completed all questions except any this form directed you to skip, the foreperson should sign and date this verdict form and notify the Court that you have reached a verdict.*

SO SAY WE ALL this 18th day of June, 2024.

[redacted]

Foreperson [redacted]

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE TIPPECANOE CIRCUIT COURT |
| | ) | |
| COUNTY OF TIPPECANOE | ) | CASE: 79C01-1908-CT-114 |

ALEXANDRA HUSTEDT-MAI )
Plaintiff, )
)
V. )
)
HUNTER WARFIELD, INC. )
Defendant. )

# VERDICT

## Fair Debt Collection Practices Act (FDCPA) & Fair Credit Reporting Act (FCRA)

As to the FDCPA, we find Defendant Hunter Warfield, Inc. (check one):

✓ Liable ____ Not Liable

As to the FCRA, we find Defendant Hunter Warfield, Inc. (check one):

✓ Liable ____ Not Liable

We, the Jury, find that Defendant willfully or recklessly violated the FCRA (check one).

✓ Willful/Reckless ____ Not Willful/Reckless

We, the Jury, award damages, if any, against Defendant as follows:

$ 200,000 actual damages

$ 1.75 million punitive damages

June 7, 2024
Date

Michelle Brand
Foreperson

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE TIPPECANOE CIRCUIT COURT |
| | ) | |
| COUNTY OF TIPPECANOE | ) | CASE: 79C01-2108-CT-130 |

| | |
|---|---|
| JARISSA GILLASPY, | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) |
| | ) |
| CLUB NEWTONE, INC., | ) |
| MARC A. VAUGHN, | ) |
| Defendants. | ) |

**VERDICT**

X We, the Jury, decide in favor of the plaintiff, Jarissa Gillaspy, and against Club Newtone, Inc. and Marc A. Vaughn and decide the plaintiff's damages are:

$ 2,500,000

________ We, the Jury, decide in favor of the defendants, Club Newtone, Inc. and Marc A. Vaughn, and award no damages.

Feb 29 2024
Date

David McMillan
Signature of Foreperson

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA McPHERSON,

Plaintiff,

v.

SUBURBAN ANN ARBOR, LLC,

Defendants.

_______________________________________/

Case Number 20-13152
Honorable David M. Lawson

**VERDICT FORM**

We, the jury, unanimously answer the questions submitted as follows:

ITEM NO. 1, LIABILITY

A. On the claim by Tina McPherson against defendant Suburban Ann Arbor LLC for violation of the Truth In Lending Act, we the jury find in favor of:

____ Plaintiff Tina McPherson
__✓__ Defendant Suburban Ann Arbor LLC

B. On the claim by Tina McPherson against defendant Suburban Ann Arbor LLC for violation of the Fair Credit Reporting Act, we the jury find in favor of:

__✓__ Plaintiff Tina McPherson
____ Defendant Suburban Ann Arbor LLC

C. On the claim by Tina McPherson against defendant Suburban Ann Arbor LLC for violation of the Equal Credit Opportunity Act, we the jury find in favor of:

__✓__ Plaintiff Tina McPherson
____ Defendant Suburban Ann Arbor LLC

D. On the claim by Tina McPherson against defendant Suburban Ann Arbor LLC for violation of the Michigan Regulation of Collection Practices Act, we the jury find in favor of:

__✓__ Plaintiff Tina McPherson
____ Defendant Suburban Ann Arbor LLC

If you found for the plaintiff on this claim in item D, was the defendant's conduct willful?

__✓__ Yes.
_____ No.

E. On the claim by Tina McPherson against defendant Suburban Ann Arbor LLC for violation of the Michigan Motor Vehicle Sales Finance Act, we the jury find in favor of:

__✓__ Plaintiff Tina McPherson
_____ Defendant Suburban Ann Arbor LLC

F. On the claim by Tina McPherson against defendant Suburban Ann Arbor LLC for violation of the Michigan Credit Reform Act, we the jury find in favor of:

__✓__ Plaintiff Tina McPherson
_____ Defendant Suburban Ann Arbor LLC

G. On the claim by Tina McPherson against defendant Suburban Ann Arbor LLC for violation of the Uniform Commercial Code, we the jury find in favor of:

__✓__ Plaintiff Tina McPherson
_____ Defendant Suburban Ann Arbor LLC

H. On the claim by Tina McPherson against defendant Suburban Ann Arbor LLC for conversion, we the jury find in favor of:

__✓__ Plaintiff Tina McPherson
_____ Defendant Suburban Ann Arbor LLC

(continue to next page)

**If you found for the plaintiff against the defendant on any of items A through H in Item 1, continue on to Item No. 2. and Item No. 3. If you find for the defendant on all items above, stop.**

ITEM NO. 2, COMPENSATORY DAMAGES:

A. We find that the plaintiff, Tina McPherson:

✓ suffered damages and award compensatory damages in the amount of $ 15,000 .

— OR —

____ suffered no actual damages.

B. If you found for the plaintiff under item H, above (conversion), answer the following question:

We find that the value of the converted property is $ 23,000 .

ITEM NO. 3, PUNITIVE DAMAGES:

**You may not award punitive damages against the defendant unless you have first found the defendant liable in Item No. 1, parts B, or C. Actual damages are not necessary for you to assess punitive damages.**

✓ We assess punitive damages against defendant Suburban Ann Arbor LLC as follows: $ 350,000.

— OR —

____ We do not assess punitive damages.

s/ Jury Foreperson
In compliance with the Privacy Policy adopted by the Judicial Conference, the verdict form with the original signature has been filed under seal.

Dated: November 3rd, 2023

| | |
|---|---|
| DISTRICT COURT, LARIMER COUNTY, STATE OF COLORADO<br>201 La Porte Ave<br>Fort Collins, Colorado 80521 | ~~DATE FILED: June 9, 2023 4:20 PM~~<br>CASE NUMBER: 2022CV30141 |
| Plaintiff:<br>**JUSTIN PETERS**,<br>v.<br>Defendants:<br>**AMERICAN PACIFIC MORTGAGE COMPANY**, a California corporation. | ▲COURT USE ONLY▲<br>Case No.: 2022 CV 30141<br>Div: 5A |
| **ORDER FOR ENTRY OF JUDGMENT** | |

THIS MATTER proceeded to a jury trial before the Court and the jury entered a verdict in favor of the Plaintiff, Justin Peters in the total amount of $800,000.00 on May 26, 2023. Accordingly, the Court hereby enters judgment in favor of the Plaintiff, Justin Peters, and against the Defendant American Pacific Mortgage Corporation, in the amount of $800,000.00 pursuant to C.R.C.P. Rule 58. Post-judgment interest will accrue on the judgment pursuant to law.

Plaintiff shall file with the Court a bill of costs and any request for attorneys' fees pursuant to C.R.C.P. Rule 121, Section 1-22.

SO ORDERED this 9th day of June, 2023.

BY THE COURT:

[signature]

District Court Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BLAKE STEWARDSON,<br><br>Plaintiff,<br><br>v.<br><br>CASS COUNTY *et al.*,<br><br>Defendants. | CAUSE NO. 3:18-cv-958 DRL |

VERDICT FORM

OFFICER CHRISTOPHER TITUS

1. Do you find that Mr. Blake Stewardson has proven by a preponderance of the evidence his Fourth Amendment excessive force claim against Officer Christopher Titus? (circle one)

YES (circled) NO

---

SHERIFF OF CASS COUNTY

2. Do you find that Mr. Blake Stewardson has proven by a preponderance of the evidence his battery claim against the Sheriff of Cass County for the conduct of Officer Christopher Titus in his official capacity? (circle one)

YES (circled) NO

---

OFFICER CAMERON BIGGS

3. Do you find that Mr. Blake Stewardson has proven by a preponderance of the evidence his Fourth Amendment failure to intervene claim against Officer Cameron Biggs? (circle one)

YES NO (circled)

---

Continue to the questions on the next page ONLY if you answered "YES" to any of these questions.

DAMAGES

ONLY if you answered "YES" to Question 1, 2, or 3 on page one of this verdict form, please answer the following questions:

1. What do you find to be the total amount of compensatory damages for Mr. Stewardson's injuries, if any?

   $ 400,000.00

2. What do you find to be the total amount of nominal damages for Mr. Stewardson, if any?

   $ 0

ONLY if you answered "YES" to Question 1 on page one of this verdict form, please answer the following question:

3. What do you find to be the total amount of punitive damages against Officer Christopher Titus, if any?

   $ 850,000.00

ONLY if you answered "YES" to Question 3 on page one of this verdict form, please answer the following question:

4. What do you find to be the total amount of punitive damages against Officer Cameron Biggs, if any?

   $ 0

3/30/2023
Date

[signature]
Presiding Juror

Exhibit 1-B — Page 22

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE TIPPECANOE CIRCUIT COURT |
| | ) | |
| COUNTY OF TIPPECANOE | ) | CASE: 79C01-1607-CT-110 |

EDWARD GAETA )
Plaintiff, )
)
V. )
)
MERCER BELANGER )
PROFESSIONAL CORPORATION, )
Defendant. )

**VERDICT**

We, the Jury, assess damages for Plaintiff against Defendant, if any, as follows:

$ 330,000 actual damages

$ 1,000 statutory damages (cannot exceed $1,000.00)

1 DEC 2022
Date

JOHN F. BURR
Foreperson

## VERDICT OF THE JURY

We the jury, have unanimously agreed to the answers to the attached questions and return such answer in open court as our verdict in this cause.

COLTEN WILCHER
Foreperson

3/25/22
Date

Question No. 1

Did the Plaintiffs prove by a preponderance of the evidence that Defendant Killian acted in an objectively unreasonable manner by shooting their dog on June 20, 2016?[1]

Answer "Yes" or "No":

(X) Yes

( ) No

Question No. 2

Did the Plaintiffs prove by a preponderance of the evidence that no reasonable officer could have believed that shooting the dog was lawful?

In answering this question, you should consider the scope of discretion and responsibility generally given to Sheriff's Deputies in performing their duties. You should also consider all of the circumstances as they would have reasonably appeared to Defendant Killian at the time he shot the dog.[2]

Answer "Yes" or "No":

(X) Yes

( ) No

**If you answered Question No. 1 and Question No. 2 "Yes," then answer the following question. Otherwise, STOP, and do not answer the following questions.**

Question No. 3

Did the Plaintiffs prove by a preponderance of the evidence that Defendant Killian's act of shooting the dog proximately caused damage to the plaintiffs?[3]

Answer "Yes" or "No' for each plaintiff.

Plaintiff Ramirez: (X) Yes ( ) No

Plaintiff Gonzales: (X) Yes ( ) No

---

[1] Committee on Civil Pattern Jury Instructions, Dist. Judges Assoc. Fifth Cir., *Pattern Jury Instructions (Civil Cases)* PJI 10.1 (2020).
[2] Fifth Cir. PJI 10.3.
[3] Fifth Cir. PJI 10.1, n.5.

**If you answered Question No. 3 "Yes" for any plaintiff, then answer the following question as to that plaintiff. If you answered "No" to Question No. 3 as to any plaintiff, then do not answer any further questions as to that plaintiff.**

Question No. 4

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Ramirez or Plaintiff Gonzales for their damages, if any, that resulted from the shooting of their dog?

Consider the element of damages listed below and none other. Do not include interest on any amount of damages you find. Answer separately, in dollars and cents, for damages, if any.

Fair Market Value of the dog.

Plaintiff Ramirez: $0

Plaintiff Gonzales: ~~$0~~ $150.00

**If you answered Question No. 4 with any amount for any Plaintiff, then answer the following question. If you did not answer Question No. 4 as to any Plaintiff, then do not answer any further questions.**

Question No. 5

(5)(A) Did Deputy Killian act maliciously or with reckless indifference by shooting Plaintiffs' dog on June 20, 2016?

Answer: Yes X No _____

**If you answered "yes" to part (5)(A), proceed to part (5)(B). If you answered "no" to part (5), then do not answer any further questions.**

(5)(B) Do you award punitive damages against Defendant Killian?

Answer: Yes X No _____

If yes, in what amount? Answer: $ 100,150.00 (Fill in Dollar Figure)

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE SUPERIOR COURT OF LAKE COUNTY |
| | )SS: | CIVIL DIVISION, ROOM NUMBER FOUR |
| COUNTY OF LAKE | ) | SITTING AT GARY, INDIANA |

NORMA OAKER, )
)
Plaintiff )
)
VS. ) CAUSE NO. 45D04-2012-CT-01266
)
FREEFLOW ENVIRONMENTAL, INC., )
)
Defendant )

Filed in Open Court

MAR -2 2022

Lorenzo Arredondo
CLERK LAKE SUPERIOR COURT

**VERDICT**

**COUNT I**
**INDIANA'S DECEPTIVE CONSUMER SALES ACT**

We, the Jury, find:

As to the Indiana Deceptive Consumer Sales Act, we find FreeFlow (check one):

X Liable ______ Not Liable

If you have found FreeFlow Not Liable, deliberate no more on this count. If you find FreeFlow liable, assess damages for an amount that will fairly compensate Ms. Oaker.

We, the jury, assess damages in the amount of $ 60,000.00.

If you have found FreeFlow Liable, please answer the following: We, the jury, find FreeFlow's deceptive acts to be:

X Willful ______ Not Willful

3/2/22 [signature]
Date Foreperson

**COUNT II**
**HOME IMPROVEMENT CONTRACTS ACT**

We, the Jury, find:

As to the Home Improvement Contracts Act, we find FreeFlow (check one):

X Liable ______ Not Liable

If you have found FreeFlow Not Liable, deliberate no more on this count. If you find FreeFlow liable, assess damages for an amount that will fairly compensate Norma Oaker.

We, the jury, assess damages in the amount of $ 60,000.00 .

If you have found FreeFlow Liable, please answer the following: We, the jury, find FreeFlow's deceptive acts to be:

X Willful ______ Not Willful

3/2/22 [signature]
Date Foreperson

# COUNT III
# SENIOR CONSUMER PROTECTION ACT

We, the Jury, find:

As to the Senior Consumer Protection Act, we find FreeFlow (check one):

X Liable

________ Not Liable

If you have found FreeFlow Not Liable, deliberate no more on this count. If you find FreeFlow liable, assess damages for an amount, if any, in accordance with the Court's instructions.

We, the jury, assess damages in the amount of $ 6,500.00.

If you have found FreeFlow liable, please answer the following: We, the jury, find FreeFlow's violation to be:

X Knowing

________ Not Knowing

3/2/22

Date

[signature]

Foreperson

## COUNT IV

## FRAUD

We, the Jury, find:

As to Fraud, we find FreeFlow (check one):

X Liable

________ Not Liable

If you have found FreeFlow Not Liable, deliberate no more on this count. If you find FreeFlow liable, assess damages for an amount, if any, that will fairly compensate Norma Oaker.

We, the jury, assess damages in the amount of $ 100,000.00 .

3/2/22

Date

[signature]

Foreperson